ACCEPTED
15-25-00197-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 12:49 PM
CHRISTOPHER A. PRINE
CLERK

# IN THE FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 12:49:55 PM
CHRISTOPHER A. PRINE
Clerk

## NO. 15-25-00197-CV

## DOMINIQUE REED AND DAKOTA HILL, Appellants

## v.

## CYPRESS CREEK AT SOUTH CEDAR, Appellee

_____

On Appeal from County Court at Law No. 1 of Bell County

Trial Court No. 25CCV01420

Hon. Paul A. Motz, Presiding

_____

## EMERGENCY NOTICE OF EXECUTION OF WRIT OF POSSESSION AND EXTREME URGENCY

_____

**TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:**

Appellants Dominique Reed and Dakota Hill file this EMERGENCY NOTICE to inform the Court that the Writ of Possession is now actively being executed, with eviction scheduled for tomorrow, November 22, 2025, at 11:20 AM.

## I. IMMINENT IRREPARABLE HARM

1. Writ Executed: **The FINAL WARNING OF EVICTION was posted on the premises on November 21, 2025, at 11:20 AM**, by the Bell County Sheriff's Office.

2. Harm is Irreversible: The imminent eviction will render Appellants homeless for the second time in one year. This catastrophic harm, which includes the displacement of a minor child, cannot be remedied by any subsequent legal or monetary judgment.

3. Judicial Causation: The current crisis is not due to Appellants' lack of funds or diligence. The crisis is caused solely by the District Court's failure to act on Appellants' multiple emergency motions to release the readily available Court Registry Funds $10,493.33 equity funds (Exhibit A) necessary to maintain the appellate stay and prevent this irreparable life altering harm.

---

## II. MANDATORY APPELLATE INTERVENTION

The District Court's failure to take the matter seriously constitutes an abuse of discretion that directly caused the execution of the writ, forcing Appellants into homelessness.

Appellants have provided evidence demonstrating:

- Funds are sufficient and available (Exhibit A).

- Diligent attempts to access funds were made (Exhibit C).

- The District Court refused to rule timely (Exhibit F).

- The underlying eviction judgment is jurisdictionally void (Section II.( -C) of Emergency Motion For Reconsideration Of November 19, 2025 Order And Motion To Reinstate Appellate Stay Under Tex. R. App. P. 29.3 And 24.4(C) Motion).

Appellants pray that the Court will immediately review the concurrently filed Emergency Motion for Reconsideration and use its equitable powers to issue an Order of Abatement and reinstatement of the appellate stay to prevent the appeal from being rendered moot and to prevent this irreparable harm.

Respectfully Submitted,

/s/ Dominique Reed

Dominique Reed, Pro Se

/s/ Dakota Hill

Dakota Hill, Pro Se

---

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, a true and correct copy of this EMERGENCY NOTICE OF EXECUTION OF WRIT OF POSSESSION AND EXTREME URGENCY was served via electronic filing upon all counsel of record for Appellee, CYPRESS CREEK AT SOUTH CEDAR.

/s/ Dominique Reed

Dominique Reed, Pro Se

/s/ Dakota Hill

Dakota Hill, Pro

# EXHIBIT (A) COVER SHEET

**NO. 15-25-00197-CV**

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

DOMINIQUE REED AND DAKOTA HILL, Appellants

v.

CYPRESS CREEK AT SOUTH CEDAR, Appellee

---

# APPELLANTS' EXHIBIT A

**A WRIT OF POSSESSION HAS BEEN ISSUED FOR YOU TO VACATE THE PREMISES.**
**THIS WRIT MAY BE EXECUTED AT ANY TIME ON OR AFTER THE SPECIFIED DATE.**
**THIS IS YOUR FINAL WARNING TO VACATE THESE PREMISES**
**WITHIN 24 HOURS FROM THE DATE OF THIS NOTICE.**
**FAILURE TO VACATE THESE PREMISES WILL RESULT IN ALL PERSONAL PROPERTY BEING REMOVED AND PLACED CURBSIDE.**
**THE REMOVAL OF YOUR PERSONAL PROPERTY WILL BE EFFECTED WITH OR WITHOUT YOUR PRESENCE.**

# COUNTY OF BELL

## BELL COUNTY SHERIFF'S OFFICE
## SHERIFF BILL COOKE
### 104 S. MAIN ST.
### BELTON, TEXAS 76513

## FINAL WARNING OF EVICTION

**WITH REFERENCE TO CAUSE NUMBER:**

**PLAINTIFF:** Cypress Creek at South Cedar: Alex Barclay
**vs**
**DEFENDANT:** Dominique Reed, Dakota Hill, and All Occupants

**ADDRESS: 460 South Cedar Rd Apt#11208, Temple Tx, 76502**

A WRIT OF POSSESSION HAS BEEN ISSUED FOR YOU TO VACATE THE PREMISES. THIS WRIT MAY BE EXECUTED AT ANY TIME ON OR AFTER THE SPECIFIED DATE.

**THIS IS YOUR FINAL WARNING TO VACATE THESE PREMISES WITHIN 24 HOURS FROM THE DATE OF THIS NOTICE.**

FAILURE TO VACATE THESE PREMISES WILL RESULT IN <u>ALL PERSONAL PROPERTY BEING REMOVED AND PLACED CURBSIDE.</u>

## THE REMOVAL OF YOUR PERSONAL PROPERTY WILL BE EFFECTED <u>WITH OR WITHOUT YOUR PRESENCE.</u>

NOTICE POSTED ON: ___11/21___ , 2025 AT __11__ : __20__ AM/PM

LOCATION POSTED: ___Front Door___

DEPUTY ___McErlain 2283___

BELL COUNTY SHERIFF'S OFFICE

# EXHIBIT (C) COVER SHEET

**NO. 15-25-00197-CV**

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

DOMINIQUE REED AND DAKOTA HILL, Appellants

v.

CYPRESS CREEK AT SOUTH CEDAR, Appellee

---

# APPELLANTS' EXHIBIT C

**FILED SEPTEMBER 15, 2025- <span style="color:red">JUDGE DENIED MOTION</span>**

**MOVANT DOMINIQUE REED'S EMERGENCY EX PARTE MOTION FOR TEMPORARY RELIEF AND MOTION TO SEAL ADDRESS**

---

**FILED OCTOBER 24, 2025- <span style="color:red">NO RESPONSE FROM COURT AFTER EMAILS</span>**

**EMERGENCY MOTION FOR PARTIAL DISTRIBUTION OF FUNDS FROM RECEIVERSHIP ESTATE.**

---

**FILED NOVEMBER 17, 2025 - <span style="color:red">NO RESPONSE FROM COURT PRIOR TO NOVEMBER 20, 2025</span>**

**ORDER GRANTING SUBMISSION AND AUTHORIZING IMMEDIATE RULING ON SUPPLEMENTAL EMERGENCY MOTION TO WITHDRAW PARTIAL FUNDS FROM COURT REGISTRY**

---

**FILED NOVEMBER 19, 2025- <span style="color:red">NO RESPONSE FROM COURT PRIOR TO NOVEMBER 20, 2025</span>**

**NOTICE OF ADVERSE APPELLATE RULING AND RENEWED REQUEST FOR EMERGENCY ORDER INSTANTER**



## NO. 23DFAM337543

| | |
|---|---|
| IN THE MATTER OF THE | IN THE DISTRICT COURT |
| MARRIAGE OF | |
| | 146TH JUDICIAL |
| DOMINIQUE AC REED | DISTRICT |
| AND | BELL COUNTY, TEXAS |
| CARL LEE HILL | |

## MOVANT DOMINIQUE REED'S EMERGENCY EX PARTE MOTION FOR TEMPORARY RELIEF AND MOTION TO SEAL ADDRESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **DOMINIQUE REED** ("Movant"), representing herself pro se, and files this Emergency Ex Parte Motion for Temporary Relief and Motion to Seal Address. In support, Movant respectfully shows the Court the following:

## I. INTRODUCTION

1. Movant seeks narrowly tailored, emergency ex parte relief to prevent immediate and irreparable harm. Movant and her daughter face imminent eviction and homelessness due to an inability to post the required $897.00 appeal bond. These funds are available from the proceeds of the sale of the marital residence, which are currently held by a court-appointed Receiver. Without an immediate order from this Court releasing these funds, Movant will lose her right to appeal the eviction, resulting in catastrophic harm for which there is no adequate remedy at law.

Copy from re:SearchTX

2.  Additionally, Movant, a participant in the Texas Address Confidentiality Program (ACP), seeks an immediate order to seal her physical address, which was improperly disclosed in public filings in the separate eviction proceeding. Given the history of family violence in this case, this disclosure presents an immediate and ongoing threat to the safety of Movant and her daughter.

## II. FACTUAL BACKGROUND

3.  Movant and Respondent were married for 16 years. The marriage was marked by family violence and cruelty committed by Respondent. On December 16, 2022, Respondent committed an act of family violence that resulted in criminal charges. Respondent ultimately entered a plea and received deferred adjudication for family violence on November 8, 2024, with the case being dismissed on February 6, 2025.

4.  The daughter of the marriage has chosen not to have contact with her father, the Respondent, since November of 2023, due to his emotional cruelty, and abusive behavior.

5.  Respondent abandoned the marital residence. While Respondent continued to pay household bills which also included a majority of his own obligations he denied nearly every additional request for support for Movant or their daughter, leaving them without meaningful support and forcing them into financial instability. During the pendency of the divorce, Respondent engaged in a pattern of coercive financial control, including misrepresenting and concealing community assets such as a 401(k), investment accounts, and a bank account titled in his sole name opened during the marriage into which community property paychecks were deposited.

6.  Shortly after being summoned in his criminal family violence case, Respondent initiated retaliatory civil proceedings against Movant, seeking the appointment of a receiver to

Copy from re:SearchTX

force the sale of the marital home. This action was designed to strip Movant of her remaining equity and leave her without the financial means to secure housing.

7. The Court ordered Movant and her daughter to vacate the marital residence by December 1, 2024, leaving them without stable housing ultimately rendering them homeless for over five months until Movant was able to secure housing May 9th, 2025. Shortly after our daughter of the marriage graduated high school and court ordered child support ended June, 2025 this left the Movant and daughter unable to fully stabilize financially after being homeless.

8. On August 15, 2025, the court-appointed Receiver completed the sale of the marital residence. The proceeds from that sale are currently under the Receiver's control.

9. Movant and her 18-year-old daughter, who is listed as a tenant on their current lease, now face imminent eviction. To perfect an appeal of this eviction, Movant must post a bond of $897.00 with the Justice Court by September 15th, 2025 by 5:00pm. Movant has no other funds available to post this bond.

10. Movant and her daughter are participants in the Texas Address Confidentiality Program due to the history of family violence. Despite this, their current physical address has been publicly filed in the eviction case, creating a significant and immediate safety risk.

## III. ARGUMENT AND AUTHORITIES

### A. Emergency Release of Funds to Prevent Irreparable Harm

10. A court may grant temporary relief to preserve the status quo and prevent irreparable harm pending a final resolution. *In re Newton, 146 S.W.3d 648, 651 (Tex. 2004).* Irreparable harm is an injury for which the injured party cannot be adequately compensated by damages. Here, the harm is clear: without an immediate order releasing the $897 for the appeal bond, Movant and her daughter face homelessness. An eviction

Copy from re:SearchTX

on their record will create a severe, long-term barrier to securing future housing. This is not an injury that can be remedied by monetary damages after the fact.

11. A court has the inherent authority to issue equitable relief to protect a litigant's fundamental right to appeal. ***In re Smith, 192 S.W.3d 564, 568 (Tex. 2006) (recognizing a court's authority to protect a party's rights pending appeal).*** The funds to prevent this harm are available and under the control of the Court's appointed Receiver. The relief requested is narrowly tailored to release only the amount necessary to preserve Movant's rights and prevent the immediate and irreparable harm of homelessness.

B. Sealing Address is Necessary for Safety

12. The public disclosure of the physical address of a survivor of family violence constitutes an immediate threat of irreparable harm. Movant and her daughter are participants in the Texas Address Confidentiality Program, which is designed to protect them from such risks.

13. Pursuant to the Texas Rules of Civil Procedure and Texas Government Code, a court may order filings sealed to prevent a specific, serious, and substantial interest which clearly outweighs any presumption of openness. ***Tex. R. Civ. P. 76a; Tex. Gov't Code § 58.052.*** The physical safety of a party and her child, particularly in a case with a documented history of family violence, is precisely the kind of interest these rules are meant to protect. Movant requests that the Court seal all filings containing the Movants physical address and order that all ACP substitute address be used in all future filings.

IV. REASONS JUSTIFYING EX PARTE RELIEF

14. This Motion is brought on an ex parte basis because Movant will suffer immediate and irreparable injury before the adverse party can be heard in opposition. The deadline to

Copy from re:SearchTX

post the eviction appeal bond is imminent. Any delay will result in the loss of Movant's right to appeal and will lead directly to homelessness for her and her daughter.

15. Furthermore, notice should not be required because of the history of retaliatory litigation and coercive control exhibited by the Respondent. Providing notice of this specific request for funds could prompt Respondent to take actions to obstruct or interfere with the Receiver's ability to promptly comply with the Court's order, thereby frustrating the purpose of this emergency motion. Given the safety concerns, ex parte relief is also necessary to allow the Court to seal Movant's address before Respondent has an opportunity to further disseminate it.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant Dominique Reed respectfully prays that this Court immediately:

1. **GRANT** this Emergency Ex Parte Motion;

2. **ORDER** the court-appointed Receiver to immediately release **$897.00** from the proceeds of the sale of the marital residence and direct those funds to the Justice Court 1 court registry as to serve as the bond for Movant's eviction appeal deadline today September 15th, 2025 by 5:00pm.

3. **ORDER** the Bell County District Clerk to immediately seal all current and future filings that contain Movant's physical address and replace it with her Address Confidentiality Program (ACP) substitute address; and

4. **GRANT** Movant such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully Submitted,

Dominique AC Reed

Copy from re:SearchTXROSE

**Notice** to Defendant of Requirements upon filing Pauper's Affidavit

Cause #11CV2501103

To **Dominique Reed, Dakota Hill**, Defendant

**Amount of Rent that must be paid into the Justice Court Registry: $ 897.00**
**by the 15th day of September, 2025.**
Rule 506.1(e), Texas Rules of Civil Procedure.

**FAILURE TO PAY THE REQUIRED AMOUNT INTO THE JUSTICE COURT REGISTRY BY THE DATE PRESCRIBED BY SUBDIVISION (3) MAY RESULT IN THE COURT ISSUING A WRIT OF POSSESSION WITHOUT A HEARING.**

_(initial)_ **I hereby acknowledge the receipt of my Notice to deposit rent into the registry of the court.**

_(initial)_ **I understand in the event that I fail to deposit the rent into the registry of the court that a Writ of Possession may be issued.**

**Date:** 9/8/2025  **Signature:**

Copy from re:SearchTX

Cause # 11CV2501103

| Cypress Creek at South Cedar<br>Plaintiff | § | IN THE JUSTICE COURT |
|---|---|---|
| vs. | § | PRECINCT ONE |
| Dominque Reed, Dakota Hill<br>and all other occupants<br>Defendant | § | BELL COUNTY, TEXAS |

## FINAL JUDGMENT

This the 2nd day of September, 2025, being the appearance date of the Defendant, Dominque Reed, Dakota Hill, and the Court being regularly in session in term time at the place where the above-styled and numbered cause was commenced, in which cause Cypress Creek at South Cedar is Plaintiff, represented by attorney Doreen Wagner and Dominque Reed, Dakota Hill is Defendant; and came the parties in person, and by attorney, and announced ready for trial; and neither party having demanded a jury, all matters in controversy of fact and of law were submitted to the Court; and the pleadings, evidence and arguments of the parties having been heard, the Court finds that the Plaintiff, Cypress Creek at South Cedar, should have possession of the premises described in Plaintiff's petition, and the Court further finds that Plaintiff should recover for cost and rent and assesses his damages therefore at $2,405.51.

**IT, IS THEREFORE, ADJUDGED AND DECREED** by the Court that the said Plaintiff, Cypress Creek at South Cedar, have restitution of the said premises, for which let Writ of Possession issue, to wit:

460 South Cedar Rd #11208  Temple, Tx. 76502

and further that Plaintiff do have and recover of and from said Defendant the sum of $2,226.51 as rent, with interest thereon from date at the rate of 7.50 % per annum, attorney fees in the amount of $0.00 and court cost in the amount of $179.00, for which let execution issue.

Appeals to be filed with the court on or before 8th day of September, 2025, Defendant's appeal bond set at $3,481.51, with monthly rentals paid into the registry of the County Court pending the appeal in the amount of $897.00 monthly.

Signed this the 2nd day of September, 2025.

Theodore R. Duffield
Justice of the Peace, Precinct 1
Bell County, Texas

If you are an individual (not a company) your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property. / Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.

You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 5 days after this judgment was signed. See Texas Rule of Civil Procedure 510.9(a).

Copy from re:SearchTX

| Cause Number: 23DFAM337543 | Type of Case: Divorce: Children |
|---|---|
| Style of Case | Attorneys |
| **In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED** | Petitioner's Attorney: GARY CUNHA<br><br>Respondent's Attorney: DOMINIQUE AC REED |

| | **Orders of Court** |
|---|---|
| 09/15/2025 | **Docket Entry** |

**Court reviewed Emergency Motion for Temp Ex parte Relief. Court denies motion.**

**MR**

23DFAM337543  In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED    09/15/2025

Copy from re:SearchTX

NO. 23DFAM337543

| | | |
|---|---|---|
| **CARL LEE HILL** | § | **DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **v.** | § | **146TH DISTRICT** |
| | § | |
| **DOMINIQUE A REED** | § | |
| | § | |
| **DEFENDANT** | § | **BELL COUNTY, TEXAS** |

## EMERGENCY MOTION FOR PARTIAL DISTRIBUTION OF FUNDS FROM RECEIVERSHIP ESTATE.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DOMINIQUE REED ("Movant"), acting Pro Se, and files this Emergency Motion for Partial Distribution of Funds from the Receivership Estate, and in support thereof, would respectfully show the Court as follows:

I. INTRODUCTION

1.  Movant respectfully requests an emergency partial distribution of her equity funds currently held by the court-appointed Receiver. This is Movant's second request for such relief. The Court considered and denied a prior motion on September 15, 2025, which was filed when an eviction was a pending threat. The circumstances have now critically escalated. Movant has exhausted all possible alternatives to secure the required cash bond. She lacks the personal

FWD CC SMW 10/24/25

assets or credit history required for traditional underwriting, and securing a surety bond is not feasible as it requires 100% cash collateral, which she does not possess. The potential harm that was previously a future risk has now ripened into a certain, imminent, and irreparable injury that will occur today, October 24, 2025, without the Court's immediate intervention.

2. Specifically, the County Court has ordered that a supersedeas bond/Cash Deposit be paid by 4:45 p.m. today to stay a writ of possession that will render Movant and her 18-year-old daughter homeless. This motion is not a request to reconsider the prior ruling, but rather a necessary plea based on a material and adverse change in circumstances that now presents a clear case of irreparable harm. Movant has a vested interest in the funds held by the Receiver and has no other means to prevent the guaranteed loss of her family's housing, personal property, and transportation.

## II. FACTUAL BACKGROUND

3. The court-appointed Receiver is in possession of proceeds from the sale of the marital residence. These funds include Movant's substantial equity interest and represent Movant's sole financial resource after losing her job. Movant is recently unemployed and has no other income or assets.

4. Movant currently lacks the funds for basic necessities, including food and utilities, further compounding the emergency nature of this request.

5. Movant and her 18-year-old daughter, who is a named tenant on their apartment lease, face immediate removal from their home. Following an adverse ruling in an eviction appeal in the County Court at Law, **Movant must deposit a cash deposit/check in lieu of a supersedeas bond of $5,382.00** into the court's registry to prevent the issuance of a writ of possession.

6. The absolute deadline for this payment is **4:45 p.m. on October 24, 2025.** Failure to pay the bond will result in the immediate issuance of the writ, leading to homelessness.

7. In addition to the bond, Movant is required to pay **$897.00** into the court registry on or before **November 1, 2025**, as a condition of maintaining the appeal, continuing each month on the 1st until the appeal mandate.

8. All of Movant's personal property is located in storage units. The storage facility has scheduled the contents for auction on November 6, 2025, due to non-payment. This property includes all of her family's furniture, clothing, and irreplaceable personal effects.

9. The property where Movant resides will not make exceptions to the tow policy and has begun tagging Movant's vehicles for towing due to expired registrations. The lack of a stable and legal vehicle recently caused Movant to lose her job. This situation is compounded by the fact that Movant's ex-spouse, after numerous requests, has refused to provide his residential address, which is necessary to effectuate the title transfers of the vehicles awarded to Movant in the divorce. This non-compliance creates an additional barrier to legally owning and operating the vehicles, causing further undue hardship. One vehicle was already towed

prematurely, before the date on the warning sticker, Movant was then required to arrange for its pickup, causing further hardship. Without funds to renew the registration and the ability to legally transfer title as ordered in the divorce, the loss of essential transportation is imminent.

## III. ARGUMENT AND AUTHORITIES

For emergency relief to be granted, a movant must typically establish (1) a probable right to the relief sought; (2) a probable, imminent, and irreparable injury in the interim; and (3) no adequate remedy at law. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Movant meets this standard.

### A. Movant Will Suffer Imminent and Irreparable Injury.

10. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* The harms facing Movant are the very definition of irreparable.

11. Certain Homelessness: If the cash payment in lieu of the supersedeas bond is not posted by 4:45 p.m. today, Movant and her daughter will be forcibly removed from their home. Homelessness is a profound and irreparable harm that a later award of money cannot cure.

12. Long-Term Barrier to Housing: The issuance of a writ of possession will create a formal unlawful eviction judgment on the public records of both Movant and her 18-year-old

daughter. For a young adult, this judgment creates a severe, multi-year impediment to securing future housing, a harm that transcends monetary value and prejudices her ability to achieve independence.

13. Permanent Loss of Personal Property: The scheduled **storage auction on November 6, 2025,** will result in the permanent loss of all the family's tangible property, including items of sentimental value that are, by their nature, irreplaceable.

14. Loss of Essential Transportation: The imminent towing of Movant's vehicles will cut off her ability to seek employment, attend court proceedings, or manage essential family needs, creating a cycle of crisis for which monetary damages are an inadequate remedy.

B. Movant Has a Probable Right to the Relief Sought.

15. The funds held by the Receiver are, in significant part, Movant's own property, representing her equity interest in the sold marital residence. While the final division of the receivership estate is pending, her right to a substantial portion of these specific funds is not in dispute. This motion does not ask the Court to award property, but merely to release a small portion of Movant's own funds to prevent a manifest injustice. Denying access to these funds under these extreme circumstances is contrary to the equitable purpose of a receivership, which is to preserve the property and secure justice for the parties, not to be an instrument of irreparable harm.

IV. CONCLUSION

Without the Court's immediate intervention, a series of irreversible and catastrophic events will unfold, beginning this afternoon. The relief requested is not a final determination of rights but a necessary advance against Movant's own funds to preserve the status quo and prevent a grave and inequitable outcome.

V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant DOMINIQUE REED respectfully prays that the Court:

1. Grant an expedited hearing on this Motion due to the extreme and time-sensitive nature of the matter;

2. Grant this Emergency Motion for Partial Distribution;

3. Sign an Order directing the Receiver, **MARK MAHLER**, to immediately distribute from the receivership estate in the following sums:

4. **$5,382.00** to be paid as a cash deposit or by check in lieu of a supersedeas bond to the **COUNTY COURT AT LAW 1** registry cause **#25CCV01420** by **4:45pm today October 24, 2025;**

5. **$897.00** to be paid into the court registry cause **#25CCV01420** for the **November 1, 2025** rent deposit;

6. **$694.00** to be paid to Dominique Reed to cure the default on Movant's storage units to stop auction proceedings.

7. **$134.00** to be paid to Dominique Reed to renew vehicle registrations of 2012 Jeep Wrangler and 2015 Toyota Tundra.

8. **$500.00** to be paid to Dominique Reed for essential living expenses, including food and utilities.

9. Grant such other and further relief to which Movant may be justly entitled.

---

Respectfully submitted,

Dominique Reed, Pro Se Appellant

*(Address Confidential – ACP Participant)*

Email: Domir1974@gmail.com    Phone: 512-763-2003

CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, a true and correct copy of the foregoing Emergency

Motion was served in accordance with the Texas Rules of Civil Procedure on the court-appointed

Receiver, MARK MAHLER, and counsel for Plaintiff , GARY CUNHA, via state e-file system

_____

DOMINIQUE REED

     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton , TX 76513
(254)312-2293



**Unit Number:  145**                                    **Date: 10/02/2025**

## Notice of Lien Sale- Texas



**Notice is hereby given that your rent is now thirty (30) days or more delinquent. To date, you have failed to respond to our attempts to collect the balance owed. As provided in your rental agreement you have been denied access to your storage space. The contents of your leased space are subject to the facility's operator's lien.**

**Balance owed:** As of the date of this notice, you owe RightSpace Storage - 3076 - Belton **$311.00**

**Description of Personal Property Stored:** Entire contents of unit consisting of, but not limited to: air conditioner, motorcycle helmets, tow hitch, shredder, sofa, luggage, mattress, box spring, folding table, baby items, boxes, totes, clothes, misc.

**Unless full payment for all charges due are paid within fourteen (14) days, from the date of this notice, the items stored in the Unit will be advertised for sale and the stored property will be sold or otherwise disposed of at the following date, time and place:**

**Auction date and time: 11/06/2025,  10:00 AM.** Your personal property will be listed for public bidding on-line at www.storagetreasures.com beginning two weeks before the Auction Date and Time which is when the highest bidder will be determined and the sale concluded.

**Auction address:** RightSpace Storage - 3076 - Belton 1709 Sparta Road Belton, TX 76513 This is the Address where the sale will be concluded after all bids are received.

If no person purchases the personal property at the sale, the property may be sold at a private sale or destroyed.

In order to prevent this from happening, payment **IN FULL** on your account by Cashier's Check, Money Order or Credit Card must be received at RightSpace Storage - 3076 - Belton's address above before the sale date and time. Rent and other charges will continue to accrue until paid in full.

If you or your spouse is in military service, please contact us concerning your current military status immediately.

If you have any questions, you may contact the facility manager, as owner's agent, at the facility address and phone number referenced above.

An itemized list of the amounts owed follows:

| Charge Date | Description | Amount | Tax | Discount | Payments/Allowance | Balance |
|---|---|---|---|---|---|---|
| 08/28/2025 | Rent Charged - 08/28/2025 to 09/27/2025 | 96.00 | 0.00 | 0.00 | 0.00 | 96.00 |
| 08/28/2025 | Insurance - 08/28/2025 to 09/27/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/03/2025 | Late Fee: $20/20%- 5 Days - 08/28/2025 to 09/27/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| 09/28/2025 | Rent Charged - 09/28/2025 to 10/27/2025 | 96.00 | 0.00 | 0.00 | 0.00 | 96.00 |
| 09/28/2025 | Insurance - 09/28/2025 to 10/27/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/29/2025 | Set Lien- Texas | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |

Sincerely,

RightSpace Storage - 3076 - Belton

     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton , TX 76513
(254)312-2293



**Unit Number: 160**                                    **Date: 10/02/2025**

# <u>Notice of Lien Sale- Texas</u>

**Notice is hereby given that your rent is now thirty (30) days or more delinquent. To date, you have failed to respond to our attempts to collect the balance owed. As provided in your rental agreement you have been denied access to your storage space. The contents of your leased space are subject to the facility's operator's lien.**

**Balance owed:** As of the date of this notice, you owe RightSpace Storage - 3076 - Belton **$255.00**

**Description of Personal Property Stored:** Entire contents of unit consisting of, but not limited to: <u>boxes, totes, end table, clothes, TV, vanity mirror, decor, misc.</u>

**Unless full payment for all charges due are paid within fourteen (14) days, from the date of this notice, the items stored in the Unit will be advertised for sale and the stored property will be sold or otherwise disposed of at the following date, time and place:**

**Auction date and time: 11/06/2025, 10:00 AM.** Your personal property will be listed for public bidding on-line at www.storagetreasures.com beginning two weeks before the Auction Date and Time which is when the highest bidder will be determined and the sale concluded.

**Auction address:** RightSpace Storage - 3076 - Belton 1709 Sparta Road Belton, TX 76513 This is the Address where the sale will be concluded after all bids are received.

If no person purchases the personal property at the sale, the property may be sold at a private sale or destroyed.

In order to prevent this from happening, payment **IN FULL** on your account by Cashier's Check, Money Order or Credit Card must be received at RightSpace Storage - 3076 - Belton's address above before the sale date and time. <u>Rent and other charges will continue to accrue until paid in full.</u>

<u>If you or your spouse is in military service, please contact us concerning your current military status immediately</u>.

If you have any questions, you may contact the facility manager, as owner's agent, at the facility address and phone number referenced above.

An itemized list of the amounts owed follows:

| Charge Date | Description | Amount | Tax | Discount | Payments/Allowance | Balance |
|---|---|---|---|---|---|---|
| 08/07/2025 | Rent Charged - 08/07/2025 to 09/06/2025 | 58.00 | 0.00 | 0.00 | 0.00 | 58.00 |
| 08/07/2025 | Insurance - 08/07/2025 to 09/06/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 08/13/2025 | Late Fee: $20/20%- 5 Days - 08/07/2025 to 09/06/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| 09/07/2025 | Rent Charged - 09/07/2025 to 10/06/2025 | 58.00 | 0.00 | 0.00 | 0.00 | 58.00 |
| 09/07/2025 | Insurance - 09/07/2025 to 10/06/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/10/2025 | Set Lien- Texas | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |
| 09/13/2025 | Late Fee: $20/20%- 5 Days - 09/07/2025 to 10/06/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |

Sincerely,

RightSpace Storage - 3076 - Belton

     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton, TX 76513
(254)312-2293

## MONTHLY INVOICE

| IMPORTANT INFORMATION |
|---|
| Please pay on or before the Payment Due Date below.  You can pay by (1) credit card, (2) check, (3) cashier's check, (4) money order or (5) sign into the NSA Storage Customer Portal at  Please note we no longer accept cash payments. |
| **Questions about your Invoice?** Please call your RightSpace Storage - 3076 - Belton Manager at (254)312-2293. |

Invoice Number: 251021050356374

| Unit # | Charge Date | Description | Amount | Tax | Discount | Total |
|---|---|---|---|---|---|---|
| **New Dues** | | | | | | |
| 145 | 10/28/2025 | Rent Charged - 10/28/2025 to 11/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 10/28/2025 | Insurance - 10/28/2025 to 11/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| **Other Dues** | | | | | | |
| 145 | 08/28/2025 | Rent Charged - 08/28/2025 to 09/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 08/28/2025 | Insurance - 08/28/2025 to 09/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| 145 | 09/03/2025 | Late Fee: $20/20%- 5 Days - 08/28/2025 to 09/27/2025 | $20.00 | $0.00 | $0.00 | $20.00 |
| 145 | 09/28/2025 | Rent Charged - 09/28/2025 to 10/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 09/28/2025 | Insurance - 09/28/2025 to 10/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| 145 | 09/29/2025 | Set Lien- Texas | $75.00 | $0.00 | $0.00 | $75.00 |

| 145 | 10/04/2025 | Late Fee: $20/20%- 5 Days - 09/28/2025 to 10/27/2025 | $20.00 | $0.00 | $0.00 | $20.00 |

| **Notice Date: 10/21/2025** | **Payment Due Date: 10/28/2025** | **Total Amount Due :** | |
|---|---|---|---|
| | | **Total Due** | $439.00 |
| | | **Prepaid Rent/Fee** | $0.00 |
| | | **Balance Due** | $439.00 |

Have you moved? Contact the office or sign into the NSA Storage Customer Portal at

https://nsabrands-payment.ssm-erp.com/

**Thank you for renting from RightSpace Storage - 3076 - Belton**

# Rapid Recovery of TX LLC

51341

☐ 3617 N. 3rd St., Temple, TX 76501
254-624-4438, VSF# 0658769VSF

☐ 1830 Roughneck Dr., Bryan, TX 77808
979-220-0983, VSF# 0657864VSF

☐ 2525 N. 18th St., Waco, TX 76708
254-749-3710, VSF# 0654766VSF

☐ 203 S. 2nd St., Suite A, Killeen, TX 76541
254-624-4438, VSF# 0662211VSF

☐ Consent Tow   ☐ Non Consent Tow

Bell County TDLR# 006499735C

TOW TRUCK #

| DATE | TIME ARRIVED | TIME CLEARED | DRIVER PRINT FULL NAME | DRIVER TOW LICENSE | TRUCK # |
|---|---|---|---|---|---|
| | AM PM | AM PM | | IM | TDLR006499735 __ 17 IM |

PO #

INDICATE EXISTING DAMAGE BY PLACING (X) IN THE APPROPRIATE POSITION

BILLED TO: Dominique Reed

ADDRESS:

CITY, STATE, ZIP: Temple TX    PHONE:

90°   0°   180°   270°

S _____ SCRATCHED
D _____ DAMAGED
M _____ MISSING
B _____ BROKEN

OWNER'S INITIALS

| YEAR | MAKE | MODEL | BODY STYLE | COLOR | LICENSE # | STATE |
|---|---|---|---|---|---|---|
| 13 | Jeep | Wrangler | | | | |

| VIN | ODOMETER | KEYS WITH VEHICLE | VEHICLE TOWED FROM |
|---|---|---|---|
| 1C4BJW... | | ☐ Yes ☒ No | ☐ Front ☐ Rear |

ADDRESS LOCATION VEHICLE TOWED OR RECOVERED FROM: Cottus Creek   CITY: Temple

☐ Flatbed ☐ Wheellift ☐ Sling ☐ Underlift ☐ Trailer

TOWED TO / STORED AT: Yard   CITY: Temple   REQUESTED BY: Owner   REASON: Unauthorized

| INVENTORY | DATE 11/8/25 | TIME 745 | TARPED | 1ST CERTIFIED LETTER SENT | 2ND CERTIFIED LETTER SENT | LAW ENFORCEMENT NOTIFIED |
|---|---|---|---|---|---|---|

VEHICLE RELEASED BY:    DATE: 10/9/25   TIME: 910

STORAGE FROM: 10/8/25   STORAGE TO: 10/9/25   DAILY STORAGE RATE:

| CASH | CHECK | CREDIT CARD | CHARGE | STORAGE FACILITY OPERATOR 19140 |
|---|---|---|---|---|

COMMENTS: TPD929  Expired registration

## STORAGE CHARGES

| | |
|---|---|
| DAYS STORED | |
| CNL | |
| IMPOUND FEE | |
| TAX | |
| **STORAGE TOTAL** | |

## TOWING CHARGES

| | |
|---|---|
| HOOKUP | |
| OUTBOUND MILES | |
| TOWING MILES | |
| FLATBED OR DOLLY FEE | |
| UPRIGHT VEHICLE | |
| WINCHING FEE | |
| WORK TIME | |
| WAIT TIME | |
| TIRE CHANGE / JUMP START / LOCKOUT | |
| OVER-MILEAGE CHARGE | |
| 2ND TOW | |
| 2ND TOW FUEL SURCHARGE | |
| FUEL/EQUIPMENT EXPENSE | |
| TOWING TOTAL | |
| **GRAND TOTAL** | |

Transportation Code 683 & Occupational Code,- Title 14, Regulation of Motor Vehicles and Transportation,- Chapter 2303-2308,-(84th Legislative Session) The owner or operator of a vehicle that has been removed and placed in a storage facility without the consent of the owner or operator of the vehicle is entitled to a hearing to determine whether probable cause existed for the removal and placement of the vehicle; and possible overcharges of towing fees.

A person entitled to a hearing under this chapter must deliver a written request for a hearing to the court before the 14th day after the date the vehicle was removed and placed in the vehicle storage facility, excluding Saturdays, Sundays, and legal holidays. If notice is not given, the 14 day deadline for requesting hearing does not apply, and the owner or operator of the vehicle may deliver a written request at any time. A person who fails to deliver a request waives the right to a hearing. A request a hearing must contain:
1. The name and telephone number of the owner or operator of the vehicle;
2. The location from which the vehicle was removed;
3. The date when the vehicle was removed;
4. The name, address, and telephone number of the person or law enforcement agency who authorized the removal;
5. The name, address, and telephone number of the facility where the vehicle was place;
6. The name, address, and number of the towing company that removed the vehicle;
7. A copy of any receipt or notification that the owner or operator received from towing company or vehicle storage facility;
8. If a vehicle was removed from a parking facility, photographs showing the location, and text of any signs posted at the facility restricting parking of vehicles or a statement that no signs restricting parking were posted at the parking facility.

If you have a legal grievance regarding the towing or impoundment of your vehicle, you are eligible to a hearing in any Justice of the Peace Court in the county in which the vehicle was towed (Section 2308.453[1]). You can locate the applicable Justice of the Peace Court in the county by visiting the website below:

http://Card.Txcourts.Gov/DirectorySearch.Aspx

The court [subject to court rules] may charge a filing fee of $46 for a hearing, [Section 2308.457] and may award court and attorney's fees along with reasonable costs of evidentiary documents and photographs to whoever is the prevailing party, [submitted under Section 2308.456[b](8)]; including possible reversal of overcharges of towing fees.

I hereby accept the above described vehicle and all its contents and agree to remove it within two (2) hours of payment. Otherwise it will be considered left with owners consent and will accrue the corresponding charges thereafter.

Vehicle Removed by  **X** _____  Date: 10/7/25

Driver's Signature: _____  Date: 10/8/25

I hereby accept the above described vehicle and attest that I have the right to possess the vehicle.

Rapid Recovery of TX LLC cannot be responsible for damaged caused by vehicles that have been altered, after-market products installed on the vehicle, faulty tires, bumper brackets, etc. This company assumes no responsibility for loss or damage by theft, fire or any other cause beyond our control, to any vehicle placed with them for storage or repair.

Direct all Complaints to: Texas Department of Licensing and Regulation · P.O. Box 12157 · Austin, TX 78711
512-463-6599 · 800-803-9202 · www.tdlr.texas.gov · Email: enforcement@tdlr.texas.gov

## CAUSE NO. 25CCV01420

██████████████████████████ §     IN THE COUNTY COURT

VS.                        §     AT LAW #1

██████████████████████████ §

**DEFENDANT**             §     BELL COUNTY, TEXAS

### FINAL JUDGMENT

On this day, came to be heard the above-entitled and numbered cause. Plaintiff, ████████████████████ ██████ appeared by and through their attorney and announced *"ready"*. Defendant, **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS,** although duly noticed did not appear/appeared *pro-se* and announced *"ready"*.

No jury having been demanded; the entire matter was submitted to the Court. After hearing and considering of the pleadings and evidence, the Court finds that **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** are justly indebted to ████████████████████████ for back rent in the amount of $ 3,123.81 $ 1,500.00 for attorney fees, along with the court costs in the amount of $**179.00**, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

The Court also finds ████████████████████ is entitled to possession of the property located at: ████████████████████

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **CYPRESS CREEK AT SOUTH CEDAR** have and recover of and from said **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** the sum of $ 3,123.81 for back rent, $ 1,500.00 for attorney fees, along with court costs in the amount of $**179.00**, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

**IT IS FURTHER ORDERED** that the said ████████████████████ have restitution of the said premises by midnight on **October 24th, 2025,** for which let Writ of Possession issue, to wit: property located at: ████████████████████

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL TO THE THIRD COURT OF APPEALS, AUSTIN, TEXAS.**

If the appeal is taken, monthly rent to be paid into the Registry of the Court in the amount of $**897.00** on the first day of the month. If the monthly rent is not paid, Writ of Possession may issue without further hearing.

Also, a Supersedeas Bond in the amount of **$5,382.00** must be filed by 4:45 pm on **October 24th, 2025,** in the County Clerk's office located at 1201 Huey Rd, Belton, TX 76513 to stay a pending judgment.

**SIGNED THIS 14TH DAY OF OCTOBER, 2025.**

PAUL A. MOTZ
Judge Presiding

FILED FOR RECORD

OCT 15 2025

SHELLEY COSTON
COUNTY CLK. BELL CO. TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107262183
Filing Code Description: Motion - No Fee
Filing Description: EMERGENCY MOTION FOR PARTIAL DISTRIBUTION OF FUNDS FROM RECEIVERSHIP ESTATE PH SAW
Status as of 10/27/2025 1:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dominique Reed | | Dominique.AC.Reed@outlook.com | 10/24/2025 12:46:03 PM | SENT |
| Service Only | | service@llslaw.com | 10/24/2025 12:46:03 PM | SENT |
| Gary Cunha | | gary@llslaw.com | 10/24/2025 12:46:03 PM | SENT |
| Mark Mahler | | mark@themahlergroup.com | 10/24/2025 12:46:03 PM | SENT |
| Shirley Smith | | litigation@templelawoffice.com | 10/24/2025 12:46:03 PM | SENT |

 

**Filing Submitted for Case: 23DFAM337543; In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED; Envelope Number: 108138371**

**From** no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>

**Date** Mon 11/17/2025 3:59 PM

**To** Dominique.AC.Reed@outlook.com <Dominique.AC.Reed@outlook.com>



# Filing Submitted

Envelope Number: 108138371
Case Number: 23DFAM337543
Case Style: In the Matter of the Marriage of
CARL LEE HILL and DOMINIQUE REED

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Bell County - District Clerk |
| **Date/Time Submitted** | 11/17/2025 3:58 PM CST |
| **Filing Type** | Motion - No Fee |
| **Filing Description** | SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS FROM COURT REGISTRY (SUPPLEMENTING MOTION FILED OCTOBER 24, 2025) |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Dominique Reed |
| **Filing Attorney** | |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |

| This envelope is pending review and fees may change. | |
|---|---|
| Case Fee Information | $0.00 |
| Motion - No Fee | $0.00 |
| **Total:**$0.00 (The envelope still has pending filings and the fees are subject to change) | |

| Document Details | |
|---|---|
| **Lead Document** | FINAL.pdf |
| **Lead Document Page Count** | 54 |
| **File Copy** | [Download Document](Download Document) |
| This link is active for 45 days. | |

For technical assistance, contact your service provider



Need Help? [Help](Help)
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

NO. 23DFAM337543

| | | |
|---|---|---|
| CARL LEE HILL | § | DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| | § | |
| v. | § | 146TH DISTRICT |
| | § | |
| DOMINIQUE A REED | § | |
| | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

---

**SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS**

**FROM COURT REGISTRY (SUPPLEMENTING MOTION FILED OCTOBER 24, 2025)**

---

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW DOMINIQUE A. REED, Pro

Se, and files this Supplemental Emergency Motion for Partial Withdrawal of Funds from the Court

Registry, supplementing her original Emergency Motion filed October 24, 2025, which remains

pending without hearing or ruling. Movant respectfully shows the Court as follows:

**I. INTRODUCTION & PROCEDURAL HISTORY**

**1**. Movant filed an Emergency Motion on October 24, 2025, requesting immediate release of a

portion of the equity awarded to her in the Final Decree of Divorce signed May 28, 2024. These

funds are currently held in the Bell County District Court Registry following the receiver's sale of

the marital residence on August 15, 2025. Upon deposit of the sale proceeds into the District Court

Registry, the Receiver was formally discharged in this cause.

**2**. Movant has made repeated, documented attempts to obtain a hearing date or ruling, including

FWD TO CC 11.20.25 MW

146TH DISTRICT COURT
BELL COUNTY, TEXAS

emails to the Court Coordinator on October 24, October 28, and November 13, 2025, and calls to the District Clerk's Office on November 3, 6, and 10, 2025. Despite these efforts, Movant has not been successful in securing a setting. As a self-represented party, Movant faces added difficulty navigating procedure but has acted diligently to comply with the Court's requirements.

**3.** The Bell County District Clerk confirmed that **$8,410.00** is currently on deposit in the Court Registry and available for disbursement upon further orders of the court.

**4.** Movant files this Supplemental Emergency Motion due to the urgent risk of losing appellate jurisdiction, housing, and significant property.

## II. FACTUAL BACKGROUND

**1.** The marital residence was sold under a court appointed Receiver. The Order Approving Sale signed August 15, 2025 required proceeds to be deposited into the District Court Registry.

**2.** Movant was awarded one half of the net equity. The amount requested of **$8,410.00** has been verified as available by the District Court Clerk.

**3**. Funds are needed for: $5,382 supersedeas deposit; $1,794 rent registry payment for months November and December; $600 storage/truck; $134 registration for vehicles; $500 essentials food/utilities.

**4.** Movant relocated property under an amnesty agreement involving the storage account. Additional storage is required. "Movant has already incurred moving expenses, as shown by the U-Haul receipt (Exhibit P). Despite renting one storage unit, the space was insufficient to hold all property. The requested withdrawal amount of $8,410.00 includes funds necessary to secure additional storage to

prevent the loss of essential belongings awarded in the Divorce Decree."

**5.** Movant has no savings, credit, or alternative funds.

### III. APPELLATE JURISDICTION AT RISK (SEPARATE CIVIL CASE):

This Motion relates to a separate civil appeal pending in the Fifteenth Court of Appeals, where Movant and her daughter Dakota Hill are co-appellants in an eviction matter. A temporary stay was issued by the appeals court on October 29th, 2025, However on November 10, 2025, Appellee filed a Motion to Dissolve the Stay, claiming Movant failed to make required deposits and arguing that Movant does not have the funds to pay the supersedeas bond and court registry rent. This claim is directly contradicted by the verified availability of **$8,410.00 in equity funds accessible to Movant** from the balance currently held in the registry of this District Court under Cause No. 23DFAM337543.

Although the Plaintiff in the pending Court of Appeals matter disputes Movant's position and alleges that she is stalling or lacks funds, the record demonstrates that Movant's inability to make the required payments arises solely from her lack of access to the equity awarded in the Final Decree of Divorce dated May 28, 2025. Those **funds remain in the District Court Registry** following the receiver's discharge, and cannot be withdrawn without an order of this Court. Movant has made diligent efforts to obtain release of the funds, including filing an Emergency Motion on September 15, 2025, which was denied. Movant is not refusing to pay; she is legally barred from doing so absent Court authorization. Without immediate relief, dissolution of the appellate stay will result in loss of possession of Movant's home, rendering the appeal moot and causing irreparable harm. Once possession is lost and stability is destroyed, no monetary award or subsequent remedy can restore the home, cure the appeal, or undo the consequences of eviction and displacement. The harm is

immediate, ongoing, and incapable of being adequately compensated after the fact.

## IV. LEGAL STANDARD (THREE-PRONG TEST)

Movant meets all elements:

**1.** Probable right: Funds awarded and available.

**2.** Irreparable harm: Loss of possession is irreparable harm.

**3.** No adequate remedy: Only this Court can release funds.

## V. RESPONDENT'S MISREPRESENTATIONS & UNCLEAN HANDS (RESERVED):

Movant asserts that Respondent engaged in material misrepresentations and conduct amounting to unclean hands, which directly contributed to the wrongful diminution of Movant's awarded equity. These actions include the use of false statements, misleading exhibits, and strategic abuse of process designed to strip Movant of her rightful property division. While Movant reserves all rights to pursue sanctions, restitution, and other relief in a separate motion, she places the Court on notice that Respondent's misconduct has already caused substantial harm to her equity interest and continues to prejudice her ability to secure stability.

## VI. RESERVATION OF RIGHTS:

Movant's acceptance of funds pursuant to this Motion shall not constitute a waiver of any right or claim regarding the receivership, sale, or distribution of property. Movant expressly preserves the right to:

1. Obtain a complete receivership accounting;

2. Challenge any fees, costs, or expenses previously disbursed;

3. Challenge compliance with the Final Decree of Divorce;

4. Challenge material misrepresentations made in connection with these proceedings;

5. Assert claims based on unclean hands or other equitable defenses;

6. Seek restitution, surcharge, disgorgement, or sanctions as appropriate;

7. File future motions addressing irregularities, inequities, or other improper conduct.

## VII. PRAYER FOR RELIEF:

Movant respectfully prays that the Court:

1. Grant this Emergency Supplemental Motion in full **instanter**; because dissolution of the appellate stay will result in immediate loss of possession of Movant's home, rendering the appeal moot and causing irreparable harm. Such harm cannot be cured by monetary damages or subsequent relief, and only immediate withdrawal of funds paid into the trial court registry will preserve Movant's statutory right to appeal and prevent homelessness.

2. Order the **immediate release of $8,410.00** from the District Court Registry to Movant for the express purpose of curing statutory deficiencies and preventing irreparable harm;

3. Enter findings supporting the necessity of emergency relief to preserve Movant's rights and stability;

4. Acknowledge and incorporate the District Clerk's verification of available funds into the Court's Order;

5. **Grant Movant leave to file a separate Motion for Surcharge, Restitution, and Sanctions against the Receiver** for loss of equity resulting from the Receiver's unauthorized sale of the marital residence in direct violation of the **Final Decree of Divorce and Texas Family Code § 9.007**;

6. **Grant Movant leave to file a separate Motion for Sanctions, Restitution, and Relief against Respondent Carl Hill and third parties acting in concert with him** based on their **Fraud on the Court** and the **submission of false sworn affidavits on material facts** in initiating the receivership, which caused undue hardship and diminution of Movant's awarded equity;

7. Grant Movant such other and further relief, general and special, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

**/s/ Dominique A. Reed**

Participant, Address Confidentiality Program

Email: domir1974@gmail.com

Phone: 512-763-2003

**CERTIFICATE OF SERVICE** I hereby certify that on November 17, 2025, a true and correct copy of this SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS FROM COURT REGISTRY was served via the Texas e-File system upon **Gary Cunha, attorney of record for Respondent Carl Hill**, in Cause No. 23DFAM337543.

Respectfully submitted,

/s/ Dominique Reed, Pro Se

# EXHIBIT INDEX

**EXHIBIT LIST**

- **Exhibit A** – Emergency Motion filed October 24, 2025
- **Exhibit B** – Motion to Dissolve Stay (Appellee filing, November 10, 2025)
- **Exhibit C** – Final Judgment, Trial Court (October 15, 2025)
- **Exhibit D** – Divorce Decree (May 28, 2024)
- **Exhibit E** – Order Approving Sale and Discharging Receiver
- **Exhibit F** – Declaration of Clerk Balance Confirmation (November 12, 2025)
- **Exhibit G** – Amnesty Agreement and Declaration Regarding Storage Units
- **Exhibit H** – Photograph of Temporary Vehicle Tags (showing need for renewal)
- **Exhibit I** – Denial of Emergency Motion for Temporary Relief (September 15, 2025)
- **Exhibit J** – Email to Court Coordinator (October 24, 2025)
- **Exhibit K** – Follow-up Email to Court Coordinator (October 28, 2025)
- **Exhibit N** – Follow-up Email to Court Coordinator (November 13, 2025)
- **Exhibit O** – Declaration of Calls to District Clerk's Office (November 3, 6, and 10, 2025)
- **Exhibit P** – U-Haul Receipt and Declaration (November 2025)
- **Exhibit Q** – Rental Receipt for New Storage Unit and Declaration (November 2025)

**EXHIBIT A**

## NO. 23DFAM337543

| | | |
|---|---|---|
| CARL LEE HILL | § | DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| | § | |
| v. | § | 146TH DISTRICT |
| | § | |
| DOMINIQUE A REED | § | |
| | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

## EMERGENCY MOTION FOR PARTIAL DISTRIBUTION OF FUNDS FROM RECEIVERSHIP ESTATE.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DOMINIQUE REED ("Movant"), acting Pro Se, and files this Emergency Motion for Partial Distribution of Funds from the Receivership Estate, and in support thereof, would respectfully show the Court as follows:

I. INTRODUCTION

1. Movant respectfully requests an emergency partial distribution of her equity funds currently held by the court-appointed Receiver. This is Movant's second request for such relief. The Court considered and denied a prior motion on September 15, 2025, which was filed when an eviction was a pending threat. The circumstances have now critically escalated. Movant has exhausted all possible alternatives to secure the required cash bond. She lacks the personal

FWD CC SMW 10/24/25

assets or credit history required for traditional underwriting, and securing a surety bond is not feasible as it requires 100% cash collateral, which she does not possess. The potential harm that was previously a future risk has now ripened into a certain, imminent, and irreparable injury that will occur today, October 24, 2025, without the Court's immediate intervention.

2. Specifically, the County Court has ordered that a supersedeas bond/Cash Deposit be paid by 4:45 p.m. today to stay a writ of possession that will render Movant and her 18-year-old daughter homeless. This motion is not a request to reconsider the prior ruling, but rather a necessary plea based on a material and adverse change in circumstances that now presents a clear case of irreparable harm. Movant has a vested interest in the funds held by the Receiver and has no other means to prevent the guaranteed loss of her family's housing, personal property, and transportation.

## II. FACTUAL BACKGROUND

3. The court-appointed Receiver is in possession of proceeds from the sale of the marital residence. These funds include Movant's substantial equity interest and represent Movant's sole financial resource after losing her job. Movant is recently unemployed and has no other income or assets.

4. Movant currently lacks the funds for basic necessities, including food and utilities, further compounding the emergency nature of this request.

5. Movant and her 18-year-old daughter, who is a named tenant on their apartment lease, face immediate removal from their home. Following an adverse ruling in an eviction appeal in the County Court at Law, **Movant must deposit a cash deposit/check in lieu of a supersedeas bond of $5,382.00** into the court's registry to prevent the issuance of a writ of possession.

6. The absolute deadline for this payment is **4:45 p.m. on October 24, 2025.** Failure to pay the bond will result in the immediate issuance of the writ, leading to homelessness.

7. In addition to the bond, Movant is required to pay **$897.00** into the court registry on or before **November 1, 2025**, as a condition of maintaining the appeal, continuing each month on the 1st until the appeal mandate.

8. All of Movant's personal property is located in storage units. The storage facility has scheduled the contents for auction on November 6, 2025, due to non-payment. This property includes all of her family's furniture, clothing, and irreplaceable personal effects.

9. The property where Movant resides will not make exceptions to the tow policy and has begun tagging Movant's vehicles for towing due to expired registrations. The lack of a stable and legal vehicle recently caused Movant to lose her job. This situation is compounded by the fact that Movant's ex-spouse, after numerous requests, has refused to provide his residential address, which is necessary to effectuate the title transfers of the vehicles awarded to Movant in the divorce. This non-compliance creates an additional barrier to legally owning and operating the vehicles, causing further undue hardship. One vehicle was already towed

prematurely, before the date on the warning sticker, Movant was then required to arrange for its pickup, causing further hardship. Without funds to renew the registration and the ability to legally transfer title as ordered in the divorce, the loss of essential transportation is imminent.

## III. ARGUMENT AND AUTHORITIES

For emergency relief to be granted, a movant must typically establish (1) a probable right to the relief sought; (2) a probable, imminent, and irreparable injury in the interim; and (3) no adequate remedy at law. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Movant meets this standard.

### A. Movant Will Suffer Imminent and Irreparable Injury.

10. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* The harms facing Movant are the very definition of irreparable.

11. Certain Homelessness: If the cash payment in lieu of the supersedeas bond is not posted by 4:45 p.m. today, Movant and her daughter will be forcibly removed from their home. Homelessness is a profound and irreparable harm that a later award of money cannot cure.

12. Long-Term Barrier to Housing: The issuance of a writ of possession will create a formal unlawful eviction judgment on the public records of both Movant and her 18-year-old

daughter. For a young adult, this judgment creates a severe, multi-year impediment to securing future housing, a harm that transcends monetary value and prejudices her ability to achieve independence.

13. Permanent Loss of Personal Property: The scheduled **storage auction on November 6, 2025,** will result in the permanent loss of all the family's tangible property, including items of sentimental value that are, by their nature, irreplaceable.

14. Loss of Essential Transportation: The imminent towing of Movant's vehicles will cut off her ability to seek employment, attend court proceedings, or manage essential family needs, creating a cycle of crisis for which monetary damages are an inadequate remedy.

B. Movant Has a Probable Right to the Relief Sought.

15. The funds held by the Receiver are, in significant part, Movant's own property, representing her equity interest in the sold marital residence. While the final division of the receivership estate is pending, her right to a substantial portion of these specific funds is not in dispute. This motion does not ask the Court to award property, but merely to release a small portion of Movant's own funds to prevent a manifest injustice. Denying access to these funds under these extreme circumstances is contrary to the equitable purpose of a receivership, which is to preserve the property and secure justice for the parties, not to be an instrument of irreparable harm.

IV. CONCLUSION

Without the Court's immediate intervention, a series of irreversible and catastrophic events will unfold, beginning this afternoon. The relief requested is not a final determination of rights but a necessary advance against Movant's own funds to preserve the status quo and prevent a grave and inequitable outcome.

V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant DOMINIQUE REED respectfully prays that the Court:

1. Grant an expedited hearing on this Motion due to the extreme and time-sensitive nature of the matter;

2. Grant this Emergency Motion for Partial Distribution;

3. Sign an Order directing the Receiver, **MARK MAHLER**, to immediately distribute from the receivership estate in the following sums:

4. **$5,382.00** to be paid as a cash deposit or by check in lieu of a supersedeas bond to the **COUNTY COURT AT LAW 1** registry cause **#25CCV01420** by **4:45pm today October 24, 2025;**

5. **$897.00** to be paid into the court registry cause **#25CCV01420** for the **November 1, 2025** rent deposit;

6. **$694.00** to be paid to Dominique Reed to cure the default on Movant's storage units to stop auction proceedings.

7. **$134.00** to be paid to Dominique Reed to renew vehicle registrations of 2012 Jeep Wrangler and 2015 Toyota Tundra.

8. **$500.00** to be paid to Dominique Reed for essential living expenses, including food and utilities.

9. Grant such other and further relief to which Movant may be justly entitled.

---

Respectfully submitted,

*Dominique Reed*

Dominique Reed, Pro Se Appellant

*(Address Confidential – ACP Participant)*

Email: Domir1974@gmail.com    Phone: 512-763-2003

---

**EXHIBIT A**

CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, a true and correct copy of the foregoing Emergency

Motion was served in accordance with the Texas Rules of Civil Procedure on the court-appointed

Receiver, MARK MAHLER, and counsel for Plaintiff , GARY CUNHA, via state e-file system

_____

DOMINIQUE REED

**EXHIBIT**

**A**



     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton , TX 76513
(254)312-2293



| Unit Number:  145 | Date: 10/02/2025 |
|---|---|

# Notice of Lien Sale- Texas



**Notice is hereby given that your rent is now thirty (30) days or more delinquent. To date, you have failed to respond to our attempts to collect the balance owed. As provided in your rental agreement you have been denied access to your storage space. The contents of your leased space are subject to the facility's operator's lien.**

**Balance owed:** As of the date of this notice, you owe RightSpace Storage - 3076 - Belton **$311.00**

**Description of Personal Property Stored:** Entire contents of unit consisting of, but not limited to: <u>air conditioner, motorcycle helmets, tow hitch, shredder, sofa, luggage, mattress, box spring, folding table, baby items, boxes, totes, clothes, misc.</u>

**Unless full payment for all charges due are paid within fourteen (14) days, from the date of this notice, the items stored in the Unit will be advertised for sale and the stored property will be sold or otherwise disposed of at the following date, time and place:**

**Auction date and time: 11/06/2025,  10:00 AM.** Your personal property will be listed for public bidding on-line at www.storagetreasures.com beginning two weeks before the Auction Date and Time which is when the highest bidder will be determined and the sale concluded.

**Auction address:** RightSpace Storage - 3076 - Belton 1709 Sparta Road Belton, TX 76513 This is the Address where the sale will be concluded after all bids are received.

If no person purchases the personal property at the sale, the property may be sold at a private sale or destroyed.

# EXHIBIT A

In order to prevent this from happening, payment **IN FULL** on your account by Cashier's Check, Money Order or Credit Card must be received at RightSpace Storage - 3076 - Belton's address above before the sale date and time. Rent and other charges will continue to accrue until paid in full.

If you or your spouse is in military service, please contact us concerning your current military status immediately.

If you have any questions, you may contact the facility manager, as owner's agent, at the facility address and phone number referenced above.

An itemized list of the amounts owed follows:

| Charge Date | Description | Amount | Tax | Discount | Payments/Allowance | Balance |
|---|---|---|---|---|---|---|
| 08/28/2025 | Rent Charged - 08/28/2025 to 09/27/2025 | 96.00 | 0.00 | 0.00 | 0.00 | 96.00 |
| 08/28/2025 | Insurance - 08/28/2025 to 09/27/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/03/2025 | Late Fee: $20/20%- 5 Days - 08/28/2025 to 09/27/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| 09/28/2025 | Rent Charged - 09/28/2025 to 10/27/2025 | 96.00 | 0.00 | 0.00 | 0.00 | 96.00 |
| 09/28/2025 | Insurance - 09/28/2025 to 10/27/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/29/2025 | Set Lien- Texas | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |

Sincerely,

RightSpace Storage - 3076 - Belton

     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton , TX 76513
(254)312-2293



**Unit Number:  160**                                   **Date: 10/02/2025**

## Notice of Lien Sale- Texas

**Notice is hereby given that your rent is now thirty (30) days or more delinquent. To date, you have failed to respond to our attempts to collect the balance owed. As provided in your rental agreement you have been denied access to your storage space. The contents of your leased space are subject to the facility's operator's lien.**

**Balance owed:** As of the date of this notice, you owe RightSpace Storage - 3076 - Belton **$255.00**

**Description of Personal Property Stored:** Entire contents of unit consisting of, but not limited to: boxes, totes, end table, clothes, TV, vanity mirror, decor, misc.

**Unless full payment for all charges due are paid within fourteen (14) days, from the date of this notice, the items stored in the Unit will be advertised for sale and the stored property will be sold or otherwise disposed of at the following date, time and place:**

**Auction date and time: 11/06/2025,  10:00 AM.** Your personal property will be listed for public bidding on-line at www.storagetreasures.com beginning two weeks before the Auction Date and Time which is when the highest bidder will be determined and the sale concluded.

**Auction address:** RightSpace Storage - 3076 - Belton 1709 Sparta Road Belton, TX 76513 This is the Address where the sale will be concluded after all bids are received.

If no person purchases the personal property at the sale, the property may be sold at a private sale or destroyed.

# EXHIBIT A

In order to prevent this from happening, payment **IN FULL** on your account by Cashier's Check, Money Order or Credit Card must be received at RightSpace Storage - 3076 - Belton's address above before the sale date and time. <u>Rent and other charges will continue to accrue until paid in full.</u>

<u>If you or your spouse is in military service, please contact us concerning your current military status immediately.</u>

If you have any questions, you may contact the facility manager, as owner's agent, at the facility address and phone number referenced above.

An itemized list of the amounts owed follows:

| Charge Date | Description | Amount | Tax | Discount | Payments/Allowance | Balance |
|---|---|---|---|---|---|---|
| 08/07/2025 | Rent Charged - 08/07/2025 to 09/06/2025 | 58.00 | 0.00 | 0.00 | 0.00 | 58.00 |
| 08/07/2025 | Insurance - 08/07/2025 to 09/06/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 08/13/2025 | Late Fee: $20/20%- 5 Days - 08/07/2025 to 09/06/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| 09/07/2025 | Rent Charged - 09/07/2025 to 10/06/2025 | 58.00 | 0.00 | 0.00 | 0.00 | 58.00 |
| 09/07/2025 | Insurance - 09/07/2025 to 10/06/2025 | 12.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| 09/10/2025 | Set Lien- Texas | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |
| 09/13/2025 | Late Fee: $20/20%- 5 Days - 09/07/2025 to 10/06/2025 | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |

Sincerely,

RightSpace Storage - 3076 - Belton

# EXHIBIT A

     

RightSpace Storage - 3076 - Belton
1709 Sparta Road
Belton, TX 76513
(254)312-2293

## MONTHLY INVOICE

<table>
<tr><td colspan="7"><b>IMPORTANT INFORMATION</b></td></tr>
<tr><td colspan="7">Please pay on or before the Payment Due Date below.  You can pay by (1) credit card, (2) check, (3) cashier's check, (4) money order or (5) sign into the NSA Storage Customer Portal at<br><br><br><br>Please note we no longer accept cash payments.</td></tr>
<tr><td colspan="7"><b>Questions about your Invoice?</b> Please call your RightSpace Storage - 3076 - Belton Manager at (254)312-2293.</td></tr>
<tr><td colspan="7" align="center">Invoice Number: 251021050356374</td></tr>
</table>

| Unit # | Charge Date | Description | Amount | Tax | Discount | Total |
|---|---|---|---|---|---|---|
| **New Dues** | | | | | | |
| 145 | 10/28/2025 | Rent Charged - 10/28/2025 to 11/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 10/28/2025 | Insurance - 10/28/2025 to 11/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| **Other Dues** | | | | | | |
| 145 | 08/28/2025 | Rent Charged - 08/28/2025 to 09/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 08/28/2025 | Insurance - 08/28/2025 to 09/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| 145 | 09/03/2025 | Late Fee: $20/20%- 5 Days - 08/28/2025 to 09/27/2025 | $20.00 | $0.00 | $0.00 | $20.00 |
| 145 | 09/28/2025 | Rent Charged - 09/28/2025 to 10/27/2025 | $96.00 | $0.00 | $0.00 | $96.00 |
| 145 | 09/28/2025 | Insurance - 09/28/2025 to 10/27/2025 | $12.00 | $0.00 | $0.00 | $12.00 |
| 145 | 09/29/2025 | Set Lien- Texas | $75.00 | $0.00 | $0.00 | $75.00 |

# EXHIBIT A

| 145 | 10/04/2025 | Late Fee: $20/20%- 5 Days - 09/28/2025 to 10/27/2025 | $20.00 | $0.00 | $0.00 | $20.00 |
|-----|-----------|----------------------------------------------------|--------|-------|-------|--------|

| **Notice Date: 10/21/2025** | **Payment Due Date: 10/28/2025** | **Total Amount Due :** | |
|-----------------------------|----------------------------------|------------------------|---------|
| | | **Total Due** | $439.00 |
| | | **Prepaid Rent/Fee** | $0.00 |
| | | **Balance Due** | $439.00 |

Have you moved? Contact the office or sign into the NSA Storage Customer Portal at

https://nsabrands-payment.ssm-erp.com/

**Thank you for renting from RightSpace Storage - 3076 - Belton**

CAUSE NO. 25CCV01420

| | | |
|---|---|---|
| ████████████████████ | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW #1 |
| ████████████████████ | § | |
| | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

## FINAL JUDGMENT

On this day, came to be heard the above-entitled and numbered cause. Plaintiff, ████████████████ ████ appeared by and through their attorney and announced *"ready"*. Defendant, **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS**, although duly noticed did not appear/appeared *pro-se* and announced *"ready"*.

No jury having been demanded; the entire matter was submitted to the Court. After hearing and considering of the pleadings and evidence, the Court finds that **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** are justly indebted to ████████████████████████ for back rent in the amount of $3,123.81 $1,500.00 for attorney fees, along with the court costs in the amount of $179.00, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

The Court also finds ████████████████████ is entitled to possession of the property located at:
████████████████████

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **CYPRESS CREEK AT SOUTH CEDAR** have and recover of and from said **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** the sum of $3,123.81 for back rent, $1,500.00 for attorney fees, along with court costs in the amount of **$179.00**, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

**IT IS FURTHER ORDERED** that the said ████████████████████ have restitution of the said premises by midnight on **October 24th, 2025**, for which let Writ of Possession issue, to wit: property located at:
████████████████████

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL TO THE THIRD COURT OF APPEALS, AUSTIN, TEXAS.**

If the appeal is taken, monthly rent to be paid into the Registry of the Court in the amount of **$897.00** on the first day of the month. If the monthly rent is not paid, Writ of Possession may issue without further hearing.

Also, a Supersedeas Bond in the amount of **$5,382.00** must be filed by 4:45 pm on **October 24th, 2025**, in the County Clerk's office located at 1201 Huey Rd, Belton, TX 76513 to stay a pending judgment.

**SIGNED THIS 14TH DAY OF OCTOBER, 2025.**

PAUL A. MOTZ
Judge Presiding

FILED FOR RECORD

OCT 15 2025

SHELLEY COSTON
COUNTY CLK. BELL CO. TEXAS

**EXHIBIT B**

ACCEPTED
15-25-00197-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 12:20 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00197-CV

# In the Fifteenth Court of Appeals

**DOMINIQUE REED and DAKOTA HILL,**
*Appellants*

**v.**

**CYPRESS CREEK AT SOUTH CEDAR,**
*Appellee*

*On appeal from the County Civil Court at Law No. 1 of Bell County, Texas, Cause No. 25CCV01420*

**APPELLEE'S RESPONSE TO APPELLANTS' EMERGENCY MOTION TO STAY JUDGMENT AND WRIT OF POSSESSION PENDING APPEAL OR, IN THE ALTERNATIVE, MOTION TO DISSOLVE TEMPORARY STAY**

To the Honorable Justices of the Fifteenth Court of Appeals:

COMES NOW, Appellee, **CYPRESS CREEK AT SOUTH CEDAR**, and files its Response to Appellants' Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal or, in the Alternative, Motion to Dissolve Temporary Stay and, in support thereof, would show unto the Court the following.

## I.
## INTRODUCTION

This appeal stems from a final judgment in a forcible detainer action. (CR 81). In relevant part, the final judgment states:

IT IS FURTHER ORDERED that the said CYPRESS CREEK AT SOUTH CEDAR have restitution of the said premises by midnight on October 24, 2025, for which let Writ of Possession issue, to wit: property located at:

460 S Cedar Road, Apt #11208 Temple, Texas 76502.

A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL TO THE THIRD COURT OF APPEALS, AUSTIN, TEXAS.

If the appeal is taken, monthly rent to be paid into the Registry of the Court in the amount of $897.00 on the first day of the month. If the monthly rent is not paid, Writ of Possession may issue without further hearing.

Also, a Supersedeas Bond in the amount of $5,382.00 must be filed by 4:45 pm on October 24, 2025, in the County Clerk's office located at 1201 Huey Rd, Belton, TX 76513 to stay a pending judgment.

(CR 81).

On October 20, 2025, Appellants filed their Notice of Appeal. (CR 97). Appellants then filed their Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal (hereinafter referred to as "Motion") on October 29, 2025. The crux of Appellants' Motion is that they do not currently have the financial means to file the supersedeas bond.[1] On the same day, the Third Court of Appeals granted the motion and "temporarily stay[ed] enforcement of the trial court's

---

[1] Appellants further challenges the validity of the final judgment. However, this goes to the merits of Appellants' appeal and has no bearing on her responsibility to file a supersedeas bond in order to pursue her appeal.

2

judgment and execution of the writ of possession pending further orders of this Court." The Third Court of Appeals further requested Appellee to file a response to the Motion by November 10, 2025.[2]

As explained below, the Texas Property Code mandates that a final judgment in a forcible detainer action cannot, under any circumstances, be stayed unless an appellant first complies with her supersedeas bond requirements. As Appellants have failed to do so, this Court should deny Appellants' Motion and lift and/or dissolve the temporary stay issued by the Third Court of Appeals.

## II.
## ARGUMENT

"A forcible detainer and detainer action is an eviction procedure to determine the right to immediate possession of real property." *In re Callier*, No. 12-24-00076-CV, 2024 Tex. App. LEXIS 3361, *4 (Tex. App.—Tyler May 14, 2024, orig. proceeding). It is a special proceeding intended to be a "speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Housing Authority*, 198 S.W.3d 782, 787 (Tex. 2006); *see also In re Callier*, 2024 Tex. App. LEXIS 3361 at *4. Once a judgment in a forcible detainer action is rendered, trial courts are given broad discretion in determining the amount and type of security required. *See Nemeth v. Mindful Home Ventures*, No. 03-25-00377-CV,

---

[2] In the interim, this appeal was transferred to the Fifteenth Court of Appeals.

3

2025 Tex. App. LEXIS 3906, *2 (Tex. App.—Austin June 5, 2025, no pet.) (citing *Hernandez v. U.S. Bank Tr. N.A.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.) (explaining that trial court "is given broad discretion in determining the amount and type of security required"); *Stevenson v. Franklin Gardens Apartments*, 511 S.W.3d 829, 832 (Tex. App.—El Paso 2016, no pet.) (stating that when setting amount of supersedeas bond, the trial court may take into consideration value of rents likely to accrue during appeal)).

More importantly, "[a] judgment of a county court ***may not under any circumstances be stayed pending appeal*** unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE § 24.007 (emphasis added). As this makes clear, an "appellate court's power to stay the judgment of the county court in a forcible detainer action is limited; it is only empowered to stay the judgment of the county court in a forcible detainer action if a supersedeas bond has been filed." *See Nemeth*, 2025 Tex. App. LEXIS 3906 at *2 (quoting *Usatequi v. Meller*, No. 04-05-00324-CV, 2006 Tex. App. LEXIS 582, 2006 WL 166436, at *1 (Tex. App.—San Antonio Jan. 25, 2006, no pet.) (mem. op.)); *see also Coleman v. Pflugerville Wells Branch, LLC*, No. 03-24-00765-CV, 2025 WL 352186, at *2 (Tex. App.—Austin Jan. 31, 2012, order). Finally, an appellant's asserted indigence is not a basis for forgoing the requirement of a supersedeas bond. *See Morse v. Fed. Nat'l Mortg. Ass'n*, No.

4

05-18-00999-CV, 2018 Tex. App. LEXIS 8115, 2018 WL 4784585, at *2 (Tex. App.—Dallas Oct. 4, 2018, no pet.) (mem. op.); *In re Callier*, 2024 Tex. App. LEXIS 3361 at *4 ("[i]ndigence does not relieve a party of the obligation to file a supersedeas bond").

As Appellants have failed to comply with the supersedeas bond requirements, there is no legal basis for this Court to stay the county court's judgment. Accordingly, Appellants' Motion should be denied, and the temporary stay should be lifted and/or dissolved. *See Nemeth*, 2025 Tex. App. LEXIS 3906 at *3 ("Given that Nemeth has not complied with the supersedeas requirements set out in the trial court's final judgment, we dissolve our prior order granting temporary emergency relief and staying any writ of possession or garnishment."); *see also Cave v. Kensington Apts. Austin, LP*, No. 03-24-00442-CV, 2024 Tex. App. LEXIS 6063, *2 (Tex. App.—Austin Aug. 21, 2024, no pet.) ("Even if it had not been rendered moot, we would lift the stay in light of the information provided by Kensington Apartments in its response about Cave's failure to post the supersedeas bond … [and] [w]e deny Cave's July 17, 2024 Emergency Motion to Stay or Recall Writ of Possession."); *Coleman v. Pflugerville Wells Branch, LLC*, No. 03-24-00765-CV, 2025 WL 352186, at *2 (Tex. App.—Austin Jan. 31, 2012, order) (dissolving order granting temporary stay when supersedeas bond requirements were not met).

5

## III.
## PRAYER

Appellee, **CYPRESS CREEK AT SOUTH CEDAR**, respectfully prays that the Honorable Court deny Appellants' Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal, lift and/or dissolve the temporary stay issued by the Third Court of Appeals, and grant any other relief to which it is entitled.

Respectfully Submitted,

**HOOVER SLOVACEK LLP**

*/s/ Joshua Anderson*
Joshua Anderson
State Bar No. 24027198
anderson@hooverslovacek.com
Richard Alexander Barclay
State Bar No. 24125110
barclay@hooverslovacek.com
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

**ATTORNEYS FOR APPELLEE,
CYPRESS CREEK AT SOUTH
CEDAR**

6

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on this the **10th** of November 2025, a true and correct copy of the foregoing was served via electronic filing, to all counsel of record.

Dakota Hill
P.O. Box 12108 MC068
Austin, Texas 78711

Dominique Reed
P.O. Box 12108 MC068
Austin, Texas 78711

*/s/ Joshua Anderson*
Joshua Anderson

4905-1895-4104, v. 1

# EXHIBIT B

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brooke Broderick on behalf of Joshua Anderson
Bar No. 24027198
broderick@hooverslovacek.com
Envelope ID: 107860988
Filing Code Description: Response
Filing Description: Appellee Cypress Creek at South Cedar's Response to Emergency Motion to Stay Judgment and Writ of Possession
Status as of 11/10/2025 12:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brooke Broderick | | broderick@hooverslovacek.com | 11/10/2025 12:20:41 PM | SENT |
| Alex Barclay | | barclay@hooverslovacek.com | 11/10/2025 12:20:41 PM | SENT |
| Christy Case | | manager.ccsc@bonnercarrington.com | 11/10/2025 12:20:41 PM | SENT |
| Dominique ACReed | | dominique.ac.reed@outlook.com | 11/10/2025 12:20:41 PM | SENT |
| Joshua Anderson | | janderson@hooverslovacek.com | 11/10/2025 12:20:41 PM | ERROR |

**EXHIBIT C**

CAUSE NO. 25CCV01420



| | § | IN THE COUNTY COURT |
| --- | --- | --- |
| VS. | § | AT LAW #1 |
| | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

## FINAL JUDGMENT

On this day, came to be heard the above-entitled and numbered cause. Plaintiff, ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ appeared by and through their attorney and announced *"ready"*. Defendant, **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS**, although duly noticed did not appear/appeared *pro-se* and announced *"ready"*.

No jury having been demanded; the entire matter was submitted to the Court. After hearing and considering of the pleadings and evidence, the Court finds that **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** are justly indebted to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for back rent in the amount of $ 3,123.81 $ 1,500.00 for attorney fees, along with the court costs in the amount of $179.00, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

The Court also finds ▓▓▓▓▓▓▓▓▓▓▓▓▓ is entitled to possession of the property located at: ▓▓▓▓▓▓▓▓▓▓▓▓

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **CYPRESS CREEK AT SOUTH CEDAR** have and recover of and from said **DOMINIQUE REED, DAKOTA HILL AND ALL OCCUPANTS** the sum of $ 3,123.81 for back rent, $ 1,500.00 for attorney fees, along with court costs in the amount of **$179.00**, plus post-judgment interest at the rate of **7.50%** per annum until judgment is paid in full.

**IT IS FURTHER ORDERED** that the said ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have restitution of the said premises by midnight on **October 24th, 2025**, for which let Writ of Possession issue, to wit: property located at: ▓▓▓▓▓▓▓▓▓▓

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL TO THE THIRD COURT OF APPEALS, AUSTIN, TEXAS.**

If the appeal is taken, monthly rent to be paid into the Registry of the Court in the amount of **$897.00** on the first day of the month. If the monthly rent is not paid, Writ of Possession may issue without further hearing.

Also, a Supersedeas Bond in the amount of **$5,382.00** must be filed by 4:45 pm on **October 24th, 2025**, in the County Clerk's office located at 1201 Huey Rd, Belton, TX 76513 to stay a pending judgment.

**SIGNED THIS 14TH DAY OF OCTOBER, 2025.**

PAUL A. MOTZ
Judge Presiding

FILED FOR RECORD

OCT 15 2025

SHELLEY COSTON
COUNTY CLK. BELL CO. TEXAS

# EXHIBIT D

R-3. All sums of cash in the possession of Respondent or subject to Respondent's sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in Respondent's sole name or from which Respondent has the sole right to withdraw funds or which are subject to Respondent's sole control.

R-4. All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in Respondent's name.

R-5. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Respondent's past, present, or future employment.

R-6. All nonretirement benefits arising out of Respondent's membership in any union.

R-7. All policies of life insurance (including cash values) insuring Respondent's life.

R-8. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in Respondent's name, together with all dividends, splits, and other rights and privileges in connection with them.

R-9. One-half of the real property having physical address 2705 Mystic Mountain Ln, Belton, Bell County, Texas, to be sold in accordance with the provisions below.

R-10. The 2016 Honda Civic Motor Vehicle, together with all prepaid insurance, keys, and title documents.

IT IS ORDERED AND DECREED that Petitioner, Carl Hill, shall timely pay, as a part of the division of the estate of the parties, and shall indemnify and hold Respondent, Dominique Reed, and Respondent's property harmless from any failure to so discharge, these items:

P-1. All debts, charges, liabilities, and other obligations incurred by Petitioner from and after January 2023 unless express provision is made in this decree to the contrary.

P-2. The notes associated with any vehicles awarded to Petitioner in this final decree of divorce.

IT IS ORDERED AND DECREED that Respondent, Dominique Reed, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Petitioner, Carl Hill, and Petitioner's property harmless from any failure to so discharge, these items:

R-1. All debts, charges, liabilities, and other obligations incurred by Respondent from and after January 2023 unless express provision is made in this decree to the contrary.

R-2. The notes associated with any vehicles awarded to Respondent in this final decree of divorce.

IT IS ORDERED that the parties shall execute any documents necessary to effectuate the division of property within 3 days of receipt of said documents, this includes any powers of attorney. IT IS FURTHER ORDERED that the parties shall cooperate with transferring title to the motor vehicles awarded herein.

IT IS ORDERED AND DECREED that each party shall send to the other party by email to the other party's last known email address, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

*Sale of Home*

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at HIGHLAND ESTATES PHASE ONE REPLAT NO 2 (L3 B1), BLOCK 001, LOT 003A, ACRES 0.73 according to the map, plat, or deed records of Bell County, Texas, and more commonly known as 2705 Mystic Mountain Ln, Belton, Bell County, Texas, shall be sold under the following terms and conditions:

1. The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located. IT IS ORDERED that the parties shall comply with the recommendations of the realtor including making any necessary repairs within a timely manner upon receiving notice from the realtor of the necessity of the repairs.

3. The property shall be sold for a price that is mutually agreeable to Petitioner and Respondent. If Petitioner and Respondent are unable to agree on a sales price or if either party fails to cooperate with the sale of the property, on the application of either party, the property shall be sold under terms and conditions determined by a court-appointed receiver and sold to the first bona fide purchaser paying at least the appraised value. Petitioner shall pay fifty percent and Respondent shall pay fifty percent of the cost of the appraisal when due to complete this sale. If either party fails to pay their half of the appraisal, the other party shall be reimbursed for this amount from the proceeds from the sale of the home. The Court shall Order the party at fault for the necessity of appointing a receiver to pay all fees associated with the appointment of the receiver, including attorney's fees and court costs. This money shall be taken from the proceeds of the sale of the home.

4. Petitioner shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of the sale, and Respondent shall have the exclusive right to enjoy the use and possession of the premises until six months after December 6, 2023. IT IS ORDERED that Respondent shall move out of the home on or before six months after December 6, 2023. All reasonable repairs necessary to keep the property in its present condition shall be paid by Petitioner.

5. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

1. Carl Hill shall be reimbursed for one-half of each month the mortgage is paid after December 6, 2023.

2. Carl Hill shall be reimbursed for any reasonable repairs made to the home prior to the sale of the home.

3. Any reimbursement, if necessary, in accordance with an appraisal or costs associated with the appointment of a receiver in accordance with any further Order of this Court, as necessary.

4. The remaining proceeds shall be split equally between the parties.

*Income Taxes*

IT IS ORDERED AND DECREED that Dominique Reed and Carl Hill shall be equally responsible for all federal income tax liabilities of the parties allocable to the period from the date of marriage through December 31, 2023, and each party shall timely pay 50 percent of any taxes, penalties, and interest due thereon and shall indemnify and hold the other party and the other party's property harmless from the portion of such tax, penalty, and interest required to be paid by the indemnifying party unless that additional tax, penalty, or interest resulted from a party's omission of income or claim of erroneous deduction, in which case that party shall pay, and hold the other party and the other party's property harmless from, the additional tax, penalty, and interest allocable to the omitted income or erroneous deduction.

IT IS ORDERED AND DECREED that if a refund of tax or other amounts is made for any year during the parties' marriage through December 31, 2023, each party shall be entitled to one-half of the refund amount, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party to the extent of one-half of the refund amount, and the party receiving the refund check shall pay to the other party one-half of the refund amount within five days of receipt of the refund check. Each party is ORDERED to endorse the refund check on presentation by the other party.

The term "I.R.C." means the Internal Revenue Code of 1986, as amended.

IT IS ORDERED AND DECREED that, for the calendar year 2023, each party shall file a federal income tax return and report thereon the reporting party's share of the income, gains, losses, deductions, and credits, including estimated taxes and withholding taxes, of the parties during the calendar year 2023 prior to the date of divorce, and of the reporting party on and after the date of divorce, in accordance with the I.R.C. and this decree.

IT IS ORDERED AND DECREED that each party shall use as a credit against that party's income tax liability for 2023 100 percent of all estimated tax payments and withholding taxes made by, in the name of, or for the benefit of that party, 50 percent of the prior year tax overpayment carryforward of the parties to the calendar year 2023, and 50 percent of all estimated tax payments made in the names of both parties for the period prior to the date of divorce.

20

Hill Final Decree

No. 23DFAM337543

| IN RE MARRIAGE OF | § | IN THE DISTRICT COURT |
| CARL LEE HILL | § | |
| | § | |
| and | § | OF BELL COUNTY, TEXAS |
| | § | |
| DOMINIQUE A/C REED | § | 146th JUDICIAL DISTRICT |

## ORDER APPROVING SALE

On this date the court examined the Report of Sale filed by MARK MAHLER, Receiver, of the following real property:

Lot 3A, Block One, Highland Estates Phase One, Replat No. 2, an addition to the City of Belton, Bell County, Texas, according to the plat recorded as Instrument No. 202000126884, Official Public Records of Bell County, Texas.

The court finds that the property was sold to Justin Morgan and Kelsey Morgan, for a contract price of $430,000.00 under the terms and conditions set forth in the residential earnest money contract, a copy of which was attached to the Report of Sale. The court finds that the sale was properly made in conformity with law for a fair price and is satisfactory and in conformity with the order of this court appointing the Receiver dated November 4, 2024.

The court further finds that due notice of the filing of the Report of Sale of the hearing for its approval was duly given to all parties to this cause and that there was no objection to the terms described in the Report of Sale.

It is therefore ORDERED that the Report of Sale and the contract for sale of the above-described real property are approved and confirmed.

It is FURTHER ORDERED that proper conveyance of the real property described above be made by the Receiver to Justin Morgan and Kelsey Morgan, purchasers, upon compliance by the purchasers with the terms of sale as set forth in the Report of Sale.

146th District Court

# EXHIBIT E

It is FURTHER ORDERED that MARK MAHLER is awarded $ _25,800.00_ as a fee for services rendered in this sale. The fee will be taxed and collected as costs of this suit to be paid from the proceeds of sale at closing of the sale. *Fee to be split 50/50 between Mahler Group and Kelly Realters ~*

It is FURTHER ORDERED that MARK MAHLER is authorized to pay reasonable and necessary attorney fees not to exceed $750.00 for assistance in preparation, filing, and approval of the Report of Sale and companion order, to be taxed and collected as costs of this suit to be paid from the proceeds of sale at closing of the sale.

It is FURTHER ORDERED that MARK MAHLER collect and deposit with the Clerk of this Court the proceeds from the sale of the real property described above, after deductions at closing for the fees and expenses stated above and in the Report of Sale, for distribution pursuant to further Order of this Court. Upon such deposit, MARK MAHLER shall be discharged as receiver in this cause.

SIGNED _8/15/25_

_____
PRESIDING JUDGE



**EXHIBIT F-Declaration of Clerks Balance Confirmation**

I, Dominique A. Reed, declare under penalty of perjury:

On November 12, 2025, I called the Bell County District Clerk's Office regarding Cause No. 23DFAM337543. The clerk confirmed to me again by phone that the balance in the Court Registry was an amount sufficient to cover my emergency withdrawal request of $8,410.00.

Executed on this 17 day of November, 2025, in Bell County, Texas.

_____

Dominique A. Reed, Pro Se

**Exhibit G – Declaration (Amnesty Agreement)**

I, Dominique A. Reed, declare under penalty of perjury:

1. On November 6, 2025, I entered into an Amnesty Agreement with Right Space Storage regarding two storage units at risk of auction.

2. The units were set up under my daughter's name, but I was solely responsible for paying balances and the property inside was mine.

3. I coordinated all arrangements with my daughter's knowledge and approval.

4. The Agreement required me to vacate both units and remove all property by November 13, 2025.

5. Immediate funds are necessary to comply with this deadline and prevent loss of my property.

Executed on this 17 day of November, 2025, in Bell County, Texas.

_Dominique Reed_

Dominique A. Reed, Pro Se´

# EXHIBIT H

## Exhibit H– Temporary Registration Photos





# EXHIBIT I

| Cause Number:  23DFAM337543 | Type of Case:  Divorce: Children |
|---|---|
| Style of Case | Attorneys |
| **In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED** | Petitioner's Attorney: GARY CUNHA<br><br>Respondent's Attorney: DOMINIQUE AC REED |

| **Orders of Court** | |
|---|---|
| 09/15/2025 | **Docket Entry** |

**Court reviewed Emergency Motion for Temp Ex parte Relief.  Court denies motion.**

**MR**

23DFAM337543  In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED    09/15/2025

Copy from re:SearchTX

# EXHIBIT J

 Outlook

---

**Emergency Motion Set for Expedited Hearing if at all possible**

---

**From** Dominique Reed <Dominique.AC.Reed@outlook.com>

**Date** Fri 10/24/2025 1:12 PM

**To** Pearl.Hernandez@bellcounty.texas.gov <pearl.hernandez@bellcounty.texas.gov>

Mrs. Hernandez,


I am writing to notify the Court that I filed an **EMERGENCY MOTION FOR PARTIAL DISTRIBUTION OF FUNDS FROM RECEIVERSHIP ESTATE** today in **NO. 23DFAM337543**

 Due to the urgent circumstances described in the motion including imminent loss of housing stability and pending storage-unit auctions I respectfully request that the Court **set this motion for the earliest possible hearing** or advise if the Court is willing to consider it **on an expedited submission basis**.

This motion requests a **limited, temporary release of funds** from the receivership estate to prevent irreparable harm while the Receiver's accounting and final distribution remain pending. I am available **at any date and time convenient to the Court**, and I will coordinate promptly with all parties once a date is provided.

If the Court requires a separate motion for an emergency or expedited setting, please let me know and I will file it immediately.

**Filed Motion Details:**

• Title: *Emergency Motion for Partial Distribution of Funds from Receivership Estate*

• Filing Date: 10/24/2025

• Envelope ID: # 107262183

Thank you for your assistance. Your prompt attention to this request is greatly appreciated due to the emergency nature of the relief sought.

Respectfully,
**Dominique Reed**
*Address Confidentiality Program – Address Withheld*
Phone: 512-763-2003
Email: Domir1974@gmail.com

# EXHIBIT K

 Outlook

---

**Follow-Up: Emergency Motion for Partial Distribution of Funds – NO. 23DFAM337543**

---

**From** Dominique Reed <Dominique.AC.Reed@outlook.com>

**Date** Tue 10/28/2025 7:02 AM

**To** Pearl.Hernandez@bellcounty.texas.gov <pearl.hernandez@bellcounty.texas.gov>

Dear Mrs. Hernandez,

I am following up regarding the *Emergency Motion for Partial Distribution of Funds from Receivership Estate* in NO. 23DFAM337543, originally submitted via e-File on October 24, 2025 (Envelope ID: #107262183). I have since learned that the motion was not accepted by E-file until 10/27/2025 1:24 PM CST after the relevant deadline.

Despite this delay, I respectfully request that the Court consider setting the motion for hearing or ruling on submission, given the emergency nature of the relief sought and the continuing risk of irreparable harm. As outlined in the motion, I am facing imminent loss of housing and potential auction of essential property from storage units.

Additionally, I remain under time-sensitive appellate constraints. I intend to proceed with my appeal in the Third Court of Appeals, and a cash deposit is still required to avoid issuance of a writ. The motion's resolution directly impacts my ability to comply with appellate requirements and preserve my rights.

Thank you again for your attention to this matter. I appreciate the Court's consideration and remain hopeful for a timely resolution.

Respectfully,

Dominique Reed Address Confidentiality Program – Address Withheld

Phone: 512-763-2003

Email: Domir1974@gmail.com

 Outlook

---

**Scheduling a hearing procedures.**

---

**From** Dominique Reed <Dominique.AC.Reed@outlook.com>

**Date** Thu 11/13/2025 4:44 PM

**To** Pearl.Hernandez@bellcounty.texas.gov <pearl.hernandez@bellcounty.texas.gov>

Dear Mrs. Hernandez,

I am a self-represented party in Cause No. 23DFAM337543, pending in the 146th District Court. I plan to file a Emergency Supplemental Motion today in response to the original motion filed on October 24, 2025, as circumstances have changed since that submission.

Could you please advise me on the correct procedure to have this Emergency Supplemental Motion set for hearing or submission before the Court? I want to ensure I follow the proper steps, as I have not been successful in securing a setting through prior emails and calls to the Court.

Thank you very much for your guidance and assistance.

Respectfully,

Dominique Reed

Email: Domir1974@gmail.com

512-763-2003

**Exhibit O – Declaration of Calls to District Clerk's Office**

I, Dominique A. Reed, declare under penalty of perjury:

I made calls to the Bell County District Clerk's Office on November 3, November 6, and November 10, 2025, to request a hearing date for my emergency motion. Despite these efforts and further guidance I was unable to get the motion set for hearing or ruling.

Executed on this 17 day of November, 2025, in Bell County, Texas.

_____

Dominique A. Reed, Pro Se

**EXHIBIT P**

# Order/Reservation

## Truck Reservation # 98236782

| **Pick Up** | **Drop Off** |
|---|---|
| **Pick Up Time:** <br> Thursday, 11/13/2025 <br> 11:30 AM | **Drop Off Time:** <br> By: Friday, 11/14/2025 <br> 12:15 AM |
| **Pick Up Location:** <br> U-Haul Moving & Storage of Midway <br> **Address:** <br> 3914 S General Bruce Dr <br> Temple, TX 76502 <br> *(Next to Geeks phone repair, Past McDonalds off I35)* <br> **Phone Numbers:** <br> (254) 727-7216 (tel:2547277216) <br> (877) 251-5354 (tel:8772515354) | **Drop Off Location** <br> Same as pick up location |

## Order Details

**Order Status:** Overdue

| Item | Qty | Total |
|---|---|---|
| **15' Truck** <br> 13 hours of use requested, subject to availability. | 1 | $29.95 |
| You are currently financially **responsible for any damage to your equipment.** The estimated value of your rental truck is **$50,000 USD**. | None | $0.00 |
| Estimated Miles - $1.09/mile | 2 | $2.18 |
| Environmental Fee | 1 | $1.00 |
| | **Subtotal:** | **$33.13** |



**Exhibit P – Declaration (U‑Haul Receipt)**

I, Dominique A. Reed, declare under penalty of perjury:

1. On November 13, 2025, I rented a U‑Haul truck to move property from storage units pursuant to the Amnesty Agreement deadline of November 13, 2025. Attached is the U‑Haul receipt.

2. Despite renting one additional storage unit, the space was insufficient to hold all property. Immediate funds are required to secure additional storage.

3. These expenses are already included in the total withdrawal request of $8,410.00.

Executed on this 17 day of November, 2025, in Bell County, Texas.

_Dominique Reed_

Dominique A. Reed, Pro Se

 

**EXHIBIT Q**

# TEMPLE STAR STORAGE

**Temple Star Storage**
1733 Airport Trail
Temple, TX 76504
254-230-3363

---

### RENTAL AGREEMENT LICENSE: TSSA51388_51386

**1. TENANT INFORMATION**
Tenant Name: Dominique Reed
Street Address 1:
City/State/Zip:
Employer's Name:

Social Security Number:
Driver's License/State: /
Telephone (Home): (512) 763-2003
Telephone (cell): (512) 763-2003
Work Phone:
E-Mail: domir1974@gmail.com

The above address or Tenant's email address provided will be used for all written notices to Tenant unless Tenant gives written notice of change to Lessor.

**ALTERNATE ACCESS**
Tenant authorizes Lessor, at Lessor's option, to provide Tenant's space number(s), access code, account status, or assistance with lock removal to persons listed below.

 Dakota Hill

**EMERGENCY CONTACT INFORMATION**
List name, address, and phone of person(s) who may be contacted in an emergency. (Do not list an individual living with you.)Unless tenant states otherwise in paragraph6, Lessor may at Lessor's option allow such person(s) or Tenant's brother, sister, spouse, parent, child over 18 or estate executor to have access to Tenant's space if such person signs an affidavit that Tenant is deceased, incarcerated, permanently missing or permanently incapacitated. Lessor may discuss Tenant's account with any such persons at any time.

Contact Name:
Street Address:
City/State/Zip:
Phone:

**2. TENANT INFORMATION**
**Are you or your spouse in the Military/Reserves at the time of signing this Agreement?**  ◯ Yes  ◉ No

**Military Branch:**
**[** *check one or both if applicable***]**
 **in the reserves, National Guard, or Texas State Guard**
 **on active duty.**

**Tenant agrees to immediately notify Lessor of changes in Tenant's mailing address, email, phone number, or other information provided by Tenant. Except as provided in paragraph 33, a change of mailing or email address will not be effective unless the new address is COMPLETE and the notice is mailed, faxed, or emailed to Lessor's address stated herein in WRITING and SIGNED and DATED by Tenant and actually RECEIVED by Lessor. See also paragraph 33.**

**3. TENANTS SPACE.**
**Space Number:** Gl07   **Approx. Size (exact dimensions may vary):** 10.0 x 10.0   **Access Code:** 6218   **Minimum Lease Term:** 1 month

---

**4. DOLLARS AND DATES.** Tenant's security deposit is $ 0.00. Tenant's right to occupy the space begins on November 13, 2025, and continues on a month to month basis, subject to paragraph 9.

| | | |
|---|---|---|
| (a) Rent ......... Monthly ............. | $ 87.30 | (j) Charge for overlocking Tenant's space or chaining/booting property when authorized by paragraphs 24(2) or 32(f) — $ 0.00 |
| (b) Monthly Rental Due Day | 1 | (k) Charge for sending statutory notice of claim for unpaid sums — $ 0.00 |
| (c) Initial late charge if not received by day 5 after due date. | $ 15.00 | (l) Charge for newspaper ad of sale, per ad (to cover time, inconvenience, and ad costs) — $ 0.00 |
| (d) Subsequent late charge if rent not received by day 15 after due date | $ 20.00 | (m) Charge for conducting foreclosure sale at public auction for nonpayment — $ 125.00 |
| (e) Returned payment charge (including bank charges, mail costs, time and overhead) | $ 50.00 | |
| (f) Charge for returned mail (not providing address change) | $ 0.00 | |
| (g) Charge for locking space when unlocked or improperly locked. | $ 20.00 | (n) Charge for having to judicially evict Tenant (to cover time and inconvenience, but does not include attorneys' fees or court costs) — $ 0.00 |
| (h) Charge per day if Tenant fails to lock after 7-day notice | $ 0.00 | |
| (i) Charge for removing Tenant's lock when authorized by paragraphs 18, 19, 24 and 32. | $ 20.00 | (o) Charge per hour for removing or cleaning when Tenant litters or fails to clean, remove items, or vacate --- paragraphs 10, 37, and 38(c) — $ 15.00 |

**5. PAYMENTS AND NOTICES.**

| Payment Type | Accepted | Not Accepted |
|---|---|---|
| Cash | ✓ | |
| Personal/Company Check | ✓ | |
| Credit Card | ✓ | |

Payments may be by money order, or certified cashier's check. However, Lessor may change permitted mode of payment at any time, upon notice to Tenant. If cash is accepted by Lessor, it is Tenant's responsibility to obtain and keep a receipt from management for each cash payment. All payments must be delivered or mailed to Lessor's mailing address in the signature block below. Notices to Lessor must be hand delivered, mailed, faxed, texted or emailed. When giving notice to Lessor, Tenant has the burden of proving delivery to Lessor. **EXCEPT AS OTHERWISE PROVIDED BY LAW, NOTICE MAY BE PROVIDED TO TENANT VIA EMAIL OR TEXT IF TENANT ELECTS TO PROVIDE AN EMAIL ADDRESS OR CELL PHONE NUMBER.**

(6) Tenant must be current in all obligations at time of move-out.

(c) Tenant will be liable for damages and for cleaning charges under paragraph 4(o) and all disposal costs for Tenant's failure to remove all contents and debris, stains or fluid/leakage, or failure to "broom clean" the space (if it has a solid floor), and other lease violations.

# EXHIBIT Q

## TENANT

X *Dominique Reed*

Signature of Tenant or Tenant's authorized agent (and title if any)

Date: November 13, 2025

Dominique Reed
Printed name of individual signing

Driver's license of individual signing:
State :
Email address: domir1974@gmail.com

Other ID if no driver's license
Vehicle License: state and number: 20116168 Texas

## LESSOR

X *Stephiane Burnette*

Facility name and address are shown below. Facility name is actually or assumed name of Lessor. Mailing address for all payments and notices to Lessor is the facility address unless a different mailing address is shown below. Lessor's phone number and fax number (if any) and email address (if any) are also shown below.

Temple Star Storage
1733 Airport Trail
Temple, TX 76504
Phone: 254-230-3363  Fax: .
Email Address: admin@templestarstorage.com

**Texas Property Code Chapter 59 governs the Self-Storage Lien process.**
**A copy of the statute can be found at capitol.texas.gov**
**A copy may also be accessed from the Texas Self Storage Association website: www.txssa.org**
**Self-Service Storage Rental Agreement, Official TSSA Form #1-21 (Rev 09/21)**
**Copyright 2021, Texas Self Storage Association, Inc.**



T S S A
M E M B E R

**Exhibit Q – Declaration Regarding Rental Receipt for New Storage Unit**

I, Dominique A. Reed, declare under penalty of perjury:

1. On November 13, 2025, I rented a new storage unit to comply with the Amnesty Agreement deadline of November 13, 2025. Attached is the rental receipt.

2. Despite securing this unit, the space was insufficient to hold all property. Immediate funds are required to secure an additional storage unit to prevent loss of household furniture and essential belongings.

3. These expenses are already included in the total withdrawal request of $8,410.00.

Executed on this 17 day of November, 2025, in Bell County, Texas.

_Dominique Reed_

**Dominique A. Reed, Pro Se**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108270444
Filing Code Description: Motion - No Fee
Filing Description: SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS FROM COURT REGISTRY (SUPPLEMENTING MOTION FILED OCTOBER 24, 2025) -PH SAW
Status as of 11/21/2025 8:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dominique Reed | | Dominique.AC.Reed@outlook.com | 11/20/2025 9:43:22 AM | SENT |
| Service Only | | service@llslaw.com | 11/20/2025 9:43:22 AM | SENT |
| Karen ARagsdale | | karen@llslaw.com | 11/20/2025 9:43:22 AM | SENT |
| Teresa Schiller | | teresa@llslaw.com | 11/20/2025 9:43:22 AM | SENT |

NO. 23DFAM337543

| | | |
|---|---|---|
| CARL LEE HILL | § | DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | 146TH DISTRICT |
| | § | |
| DOMINIQUE A REED | § | |
| | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

## NOTICE OF ADVERSE APPELLATE RULING AND RENEWED REQUEST FOR EMERGENCY ORDER INSTANTER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DOMINIQUE A. REED, Movant, and files this Notice to inform the Court that the **irreparable harm** described in her Supplemental Emergency Motion (filed 11/17/2025) and Original Motion Emergency Motion Filed October 24, 2025 has now occurred.

1. On November 19, 2025, the **Fifteenth Court of Appeals** in Cause No. 15-25-00197-CV issued an **Order DENYING temporary relief and LIFTING the Temporary Stay** (See Attached Exhibit A: CoA Order).

2. The appellate court's action was necessitated by Movant's inability to file the required **Supersedeas Bond** and **Court Registry Rent** payments, which are verified to be available from the **$10,493.33** balance in this District Court's Registry[2].

3. Movant is now subject to the **immediate execution of a Writ of Possession**, which will render her and her co-appellant daughter homeless.

4. Movant **RENEWS** her request for the Court to sign the **Order for Partial Withdrawal of Funds INSTANTER** to allow her to cure the deficiency with the County Clerk before the Writ is executed.

## PRAYER

Movant respectfully prays that the Court consider this Notice and sign the Order for Withdrawal of Funds **INSTANTER** to prevent the immediate, irreparable loss of Appellants' property and right to appeal.

FWD CC 11.20.25

146TH DISTRICT COURT
BELL COUNTY, TEXAS

Respectfully Submitted,

/s/ Dominique A. Reed

Domir1974@gmail.com

512-763-2003

---

**CERTIFICATE OF SERVICE**  I hereby certify that on November 19, 2025, a true and correct copy of this SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS FROM COURT REGISTRY was served via the Texas e-File system upon **Gary Cunha, attorney of record for Respondent Carl Hill**, in Cause No. 23DFAM337543.

Respectfully submitted,

/s/ Dominique Reed, Pro Se


EXHIBIT A

**Order Filed November 19, 2025**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00197-CV

**DOMINIQUE REED AND DAKOTA HILL, Appellant**

**V.**

**CYPRESS CREEK AT SOUTH CEDAR, Appellee**

**On Appeal from the County Court at Law No 1**
**Bell County, Texas**
**Trial Court Cause No. 25CCV01420**

### ORDER

Appellants Dominique Reed and Dakota Hill filed an Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal with the Third Court of Appeals on October 29, 2025, seeking temporary injunctive relief under Texas Rules of Appellate Procedure 24.1(a), 24.4(a), and 29.3. The Third Court issued an order temporarily staying enforcement of the trial court's judgment and execution of the writ of possession pending further orders. The Third Court also requested appellee Cypress Creek at South Cedar ("Cypress Creek") file a response to the motion no

later than November 10, 2025. The case was subsequently transferred to this Court on November 6, 2025. Cypress Creek filed its response on November 10, 2025.

The Court, having reviewed the motion, hereby **DENIES** Dominique Reed and Dakota Hill's request for temporary relief. We further **ORDER** the temporary stay issued by the Third Court of Appeals lifted.

PER CURIAM

Panel consists of Chief Justice Brister and Justices Field and Farris.

 Outlook

 **EXHIBIT B**

**Notification of Service for Case: 23DFAM337543, In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED for filing Motion - No Fee, Envelope Number: 108138371**

**From** no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>

**Date** Mon 11/17/2025 3:58 PM

**To** Dominique.AC.Reed@outlook.com <Dominique.AC.Reed@outlook.com>



# Notification of Service

Case Number: 23DFAM337543
Case Style: In the Matter of the Marriage of
CARL LEE HILL and DOMINIQUE REED
Envelope Number: 108138371

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document. If the link does not work, please copy the link and paste into your browser. You can also obtain this document by following the steps on this **article**.

| Filing Details | |
|---|---|
| **Case Number** | 23DFAM337543 |
| **Case Style** | In the Matter of the Marriage of CARL LEE HILL and DOMINIQUE REED |
| **Date/Time Submitted** | 11/17/2025 3:58 PM CST |
| **Filing Type** | Motion - No Fee |
| **Filing Description** | SUPPLEMENTAL EMERGENCY MOTION FOR PARTIAL WITHDRAWAL OF FUNDS FROM COURT REGISTRY (SUPPLEMENTING MOTION FILED OCTOBER 24, 2025) |
| **Filed By** | Dominique Reed |
| **Service Contacts** | Other Service Contacts not associated with a party on the case: <br><br> Dominique Reed (Dominique.AC.Reed@outlook.com) <br><br> Service Only (service@llslaw.com) <br><br> Gary Cunha (gary@llslaw.com) <br><br> Shirley Smith (litigation@templelawoffice.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |

This link is active for 45 days. To access this document, you will be required to enter your email address. Click here for more information.

If you would like to remove yourself as a Service Contact from this Filing, please click here for instructions on how to do so.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108220368
Filing Code Description: Motion - No Fee
Filing Description: NOTICE OF ADVERSE APPELLATE RULING AND RENEWED REQUEST FOR EMERGENCY ORDER INSTANTER BY DOMINIQUE A REED -PRO SE -PH SAW
Status as of 11/21/2025 8:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Dominique Reed | | Dominique.AC.Reed@outlook.com | 11/19/2025 10:34:10 AM | SENT |
| Service Only | | service@llslaw.com | 11/19/2025 10:34:10 AM | SENT |
| Gary Cunha | | gary@llslaw.com | 11/19/2025 10:34:10 AM | SENT |
| Shirley Smith | | litigation@templelawoffice.com | 11/19/2025 10:34:10 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108337613
Filing Code Description: Motion for Emergency Relief - Exempt
Filing Description: EMERGENCY NOTICE OF EXECUTION OF WRIT OF POSSESSION AND EXTREME URGENCY 24HRS
Status as of 11/21/2025 1:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brooke Broderick | | broderick@hooverslovacek.com | 11/21/2025 12:49:55 PM | SENT |
| Alex Barclay | | barclay@hooverslovacek.com | 11/21/2025 12:49:55 PM | SENT |
| Dominique ACReed | | dominique.ac.reed@outlook.com | 11/21/2025 12:49:55 PM | SENT |
| Joshua Anderson | | janderson@hooverslovacek.com | 11/21/2025 12:49:55 PM | ERROR |